OFFICE OF

# PROTHONOTARY



**Stephen E. Farina**

Prothonotary

Front & Market Streets
Harrisburg, Pa. 17101

(717) 255-2698

Dauphin County

**FILED
HARRISBURG**

FEB 1 4 2001

MARY E. D'ANDREA, CLERK

Per _____

DEPUTY CLERK

February 14, 2001

Mary E. D'Andrea
Clerk of District Court
228 Walnut Street
Harrisburg, PA 17101

Re: DIANNA L HARRIS vs PENNSYLVANIA BOARD OF PROBATION & PAROLE et al

Dauphin County Dkt No. 120 S 2001
U.S. Dist. Crt. for Middle Dist. Dkt. No. 1:CV 01-0270  *Kane —*

Dear Ms D'Andrea:

Pursuant to the Petition for Removal of
Civil Action filed in this office on 2-12-01
the above action is hereby transferred to the
United States District Court For The Middle
District of Pennsylvania.

I am, accordingly, sending you all the original
papers herewith.

I will appreciate the return of the
attached receipt addressed to the attention of
Mrs. Kay S. Wentzel.

Very truly yours,

Stephen E Farina
Prothonotary

SEF:  ksw

# COURT OF COMMON PLEAS
## DAUPHIN COUNTY CIVIL ACTION
## SUITS 2001

Printed by: IMR Limited - Form 397 E00016112

| | |
|---|---|
| 2001-S *120* | |
| | Entry By Summons ( ) |
| | Complaint (✓) |
| Date of Entry *January 9, 2001* | Petition ( ) |
| | Appeal ( ) |
| Writ of Execution Issued: | Custody ( ) |
| | Assumpsit ( ) |
| Appearance For: | Divorce ( ) |
| Plaintiff: *Joseph F. Bouvier, Esq.* | Mortgage Foreclosure ( ) |
| | Change of Name ( ) |
| | Ejectment ( ) |
| | Quiet Title ( ) |
| Defendant: | Appt. of Viewers ( ) |
| | Replevin ( ) |
| DIANNA LYNN HARRIS | Declaration of Taking ( ) |
| Vs. | Forma Pauperis ( ) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE and | Mental Health ( ) |
| WILLIAM WARD, Individually and as Chairman of the | Protective Order ( ) |
| Pennsylvania Board of Probation and Parole, | District Justice ( ) |
| MIKE NEUMYER, Individually and as Director | |
| of the Office of Management Services for the | |
| Pennsylvania Board of Probation and Parole and | |
| GARY SCICCHITANO, Individually and as Human | |
| Resources Director for the Pennsylvania Board of | |
| Probation and Parole and LADELLE INGRAM, Individually | |
| and as Equal Employment Opportunity Sepcialist for | |
| the Pennsylvania Board of Probation and Parole and | |
| ROBERT YERGER, Individually and as the Director of | |
| Administrative Services for the Pennsylvania Board | |

120-S-2001
FEB. 12, 2001 - NOTICE OF REMOVAL FROM THE UNITED
STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA, FILED

February 14, 2001 - The above action is transferred to the United States District Court for
the Middle District of Pennsylvania to Docket No. 1:CV 01-0270.

MATTIONI, LTD.
BY:    EUGENE MATTIONI, ESQUIRE
        JOSEPH BOUVIER, ESQUIRE
Identification Nos. 15291; 54107
399 Market Street, Second Floor
Philadelphia, PA  19106
(215) 629-1600

Attorneys for Plaintiff

p.d
page 90.00
(p.d)
# 214277

---

DIANNA LYNN HARRIS

               Plaintiff

    v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, et al.,

              Defendants

COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA
LAW DIVISION

JANUARY TERM, 2001

NO.   120 S 2001

---

## NOTICE TO DEFEND

### NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
Telephone: (717) 232-7536

### AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan mas adelante en las siguientes paginas, debe tomar accion dentro de los proximos veinte (20) dias despues de la notification de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas acqui en contra suya. Se le advierte de que si usted falla de tomar accion como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamacion o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin mas aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO O NO PUEDE PAGARLE A UNO, LLAME O VAYA A LA SIGUIENTE OFICINA PARA AVERIGUAR DONDE PUEDE ENCONTRAR ASISTENCIA LEGAL.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
Telephone: (717) 232-7536

U:\DOCS\jb-Harris, D\complaint.wpd

**THIS IS NOT A MOTOR
VEHICLE CASE.
THIS IS NOT AN
ARBITRATION MATTER.
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.
JURY TRIAL DEMANDED.**

MATTIONI, LTD.
BY:    EUGENE MATTIONI, ESQUIRE
         JOSEPH BOUVIER, ESQUIRE
Identification Nos. 15291; 54107
399 Market Street, Second Floor
Philadelphia, PA  19106
(215) 629-1600

Attorneys for Plaintiff

---

DIANNA LYNN HARRIS                        :        COURT OF COMMON PLEAS
2329 Penn Street                                :        DAUPHIN COUNTY, PENNSYLVANIA
Harrisburg, PA 17110                         :        LAW DIVISION
                                                        :
                                                        :
                    Plaintiff                      :        JANUARY TERM, 2001
                                                        :
          v.                                           :
                                                        :
PENNSYLVANIA BOARD OF              :
PROBATION AND PAROLE               :        NO.  *120 s 2001*
1101 S. Front Street                           :
Harrisburg, PA 17104                         :
                                                        :
              and                                    :
                                                        :
WILLIAM WARD, Individually and     :
as Chairman of the Pennsylvania Board of  :
Probation and Parole                         :
1101 S. Front Street, Suite 5600          :
Harrisburg, PA 17104                         :
                                                        :
              and                                    :

MIKE NEUMYER, Individually and as                 :
Director of the Office of Management              :
Services for the Pennsylvania Board of            :
Probation and Parole                              :
1101 S. Front Street, Suite 5600                  :
Harrisburg, PA 17104                              :
                                                  :
        and                                       :
                                                  :
GARY SCICCHITANO, Individually and                :
as Human Resources Director for the               :
Pennsylvania Board of Probation and Parole :
1101 S. Front Street, Suite 5600                  :
Harrisburg, PA 17104                              :
                                                  :
        and                                       :
                                                  :
LADELLE INGRAM, Individually and as               :
Equal Employment Opportunity Specialist           :
for the Pennsylvania Board of Probation           :
and Parole                                        :
1101 S. Front Street, Suite 5600                  :
Harrisburg, PA 17104                              :
                                                  :
        and                                       :
                                                  :
ROBERT YERGER, Individually and as                :
the Director of Administrative Services for       :
the Pennsylvania Board of Probation               :
and Parole                                        :
1101 S. Front Street, Suite 5600                  :
Harrisburg, PA 17104                              :
                                                  :
        and                                       :
                                                  :
DAVID PAYTON, Individually and as                 :
Director of Office Services for the               :
Pennsylvania Board of Probation and Parole :
1101 S. Front Street, Suite 5600                  :
Harrisburg, PA 17104                              :
                                                  :
        and                                       :
                                                  :

U:\DOCS\jfb\Harris, D complaint.wpd

2

LINWOOD FIELDER, Individually and          :
as District Director for the Pennsylvania   :
Board of Probation and Parole               :
Harrisburg District Office                  :
1303 North Seventh Street                   :
Harrisburg, PA 17102                        :
                                            :
            Defendants                      :
                                            :

## CIVIL ACTION

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Dianna Lynn Harris, by and through her attorneys, Mattioni, Ltd., hereby files

this Complaint against the above defendants, alleging as follows:

1.     Plaintiff, Dianna Lynn Harris, is an adult individual residing at 2329 Penn Street,

Harrisburg, PA 17110.

2.     Defendant Pennsylvania Board of Probation and Parole ("Parole Board") is an

agency of the Commonwealth of Pennsylvania, with a principal office located at 1101 South

Front Street, Harrisburg, PA.

3.     Defendant William Ward is an adult individual who, upon information and belief,

is a citizen and resident of the Commonwealth of Pennsylvania.  At all pertinent times hereto,

defendant Ward was the Chairman of the Parole Board, and plaintiff believes that he continues to

be employed for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

4.     Defendant Mike Neumyer is an adult individual who, upon information and

belief, is a citizen and resident of the Commonwealth of Pennsylvania.  At all pertinent times

hereto, defendant Neumyer was the Director of Personnel for the Parole Board, and plaintiff

believes that he continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

5.    Defendant Gary Scicchitano is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Scicchitano was the Human Resources Director of the Parole Board, and plaintiff believes that he continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

6.    Defendant LaDelle Ingram is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Ingram was the Equal Employment Opportunity Specialist for the Parole Board, and plaintiff believes that she continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

7.    Defendant Robert Yerger is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Yerger was the Director of Administrative Services of the Parole Board, and plaintiff believes that he continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

8.    Defendant David Payton is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Payton was the Director of Office Services of the Parole Board, and plaintiff believes that he continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

4

9.    Defendant Linwood Fielder is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Fielder was the District Director of the Parole Board's Harrisburg District Office, and plaintiff believes that he continues to be employed in said position for defendant Parole Board at 1303 North Seventh Street, Harrisburg, PA.

10.    At all times pertinent hereto, the individual defendants acted individually and in their official capacities with the Pennsylvania Board of Probation and Parole.

11.    Plaintiff was an employee of defendant Parole Board as a Clerk Stenographer from approximately January, 1993 to December, 1998.

12.    Plaintiff's medical background includes a history of childhood polio, which has weakened her immune system. As a result, plaintiff is particularly vulnerable to respiratory and other illnesses brought on by environmental agents, which illnesses pose serious health hazards to plaintiff in light of her weakened immune system.

13.    In or about May 1995, plaintiff was assigned to work at defendant Parole Board's Central Office Building, located at 3101 North Front Street in Harrisburg, Pennsylvania. At all times pertinent hereto, plaintiff's immediate supervisor at the Central Office Building was defendant Payton, who in turn reported to defendant Yerger.

14.    Prior to January, 1997, smoking of tobacco products was permitted in employees' individual offices and in designated "smoking areas" in the Central Office Building, in violation of state and federal law and in violation of the Commonwealth of Pennsylvania's rules, regulations, and management directives pertaining to state agencies.

cigarette smoker, harassed plaintiff belittled her complaints, dissuading her from filing for an accommodation.

21.     On or about August 28, 1996 plaintiff sent defendant Payton a memo requesting an air cleaning device in an effort to alleviate the offensive and harmful smoke at her work station and also requested a ventilation system for the smoking area.  Plaintiff did not receive a response from defendant Payton.

22.     On or about September 4, 1996, plaintiff sent defendant Yerger a memo requesting a ventilation device to rid her work area of the tobacco smoke.  Plaintiff did not receive a response from defendant Yerger.

23.     On or about September 23, 1996, defendant Payton gave plaintiff an "unsatisfactory" attendance rating on her employment performance evaluation, specifically noting on the evaluation that plaintiff missed too much time from work.  These absences from work were due to legitimate health problems, largely stemming from the illnesses brought on by constant exposure to tobacco smoke at work.

24.     Plaintiff complained to defendant Yerger about the evaluation prepared by defendant Payton (Commonwealth rules prohibited a supervisor from giving an employee an unsatisfactory attendance rating due to documented illnesses).  Defendant Yerger changed plaintiff's attendance score to "satisfactory," however, defendant Yerger refused to eliminate the sentence in the evaluation which stated that plaintiff missed too much time from work.

25.     Plaintiff attempted to bring her concerns about the evaluation to defendant Neumyer, the next person in the chain of command, but defendants Payton and Yerger blocked plaintiff's efforts to see defendant Neumyer.  Defendants Payton and Yerger instead scheduled a

meeting with plaintiff.  On the day of the meeting, plaintiff's union representative was told he would not be permitted to attend the meeting, despite plaintiff's request for union representation and her right under the terms of the applicable collective bargaining agreement to have a union representative present when meeting with management to discuss her work performance.

26.    In or about October, 1996, plaintiff was finally provided with an electric air filter to place on her desk in order to alleviate the tobacco smoke.  Even with the use of such device, though, the tobacco smoke continued to pervade plaintiff's work area, and plaintiff continued to complain to defendants that the air filter was not eliminating the smoke from her work area, consequently bothering her and affecting her health.  Plaintiff again requested a reasonable accommodation, either by having the smoking area moved away from her work site, making the whole building smoke-free, or placing an exhaust fan in the smoking area to pull the smoke outside the building.  Defendant Payton responded that further accommodations were not necessary because the building was leased and not owned by the Commonwealth.

27.    Presumably as a result of complaints about the cigarette smoke from plaintiff and others, defendant Parole Board, in or about January, 1997, instituted a new smoking policy, whereby a smoking section for the common areas of the building was established on the first floor only.  However, the new smoking policy was not enforced by defendants.  In addition to allowing people to continue to smoke on the first floor, individuals were also permitted to continue to smoke in their own offices throughout the building, regardless of the floor on which they were located, and the smoke from individuals' offices on the second floor continued to bother plaintiff.  Moreover, the tobacco smoke from the first floor's designated smoking area also drifted to the second floor and infiltrated plaintiff's work area.  Further, as part of plaintiff's

8

work duties, she was required to go to the first floor several times a day. Plaintiff was thus made to endure the smoke-filled environment in order to perform her job, all to the continued detriment of her health.

28.     The constant tobacco smoke in plaintiff's work environment caused her medical condition to worsen.

29.     In or about February, 1997, plaintiff applied for a transfer to a position located in a smoke-free environment at a Central Office building (two of the three Central Office buildings were smoke-free), but defendants denied this request without legitimate justification.

30.     In or about May, 1997, defendant Yerger, while knowing of plaintiff's respiratory illnesses, forced plaintiff to perform work assignments in a dust- and dirt-filled warehouse. Plaintiff informed defendant Yerger that she believed working in the warehouse would worsen her medical condition, but defendant Yerger refused to assign someone else to do this job, even after another employee volunteered to go in plaintiff's place. Defendant Yerger gave plaintiff an ineffective respiratory mask to use while working in the dusty environment. Plaintiff followed defendant Yerger's orders and went to the warehouse as directed. However, after only a short period of time, plaintiff's hands began to swell up, a rash developed on her neck, and she began coughing up blood. Plaintiff subsequently missed several days of work due to this incident.

31.     By September, 1997, the tobacco smoke had become prevalent in plaintiff's work environment such that plaintiff was using three fans to try to keep the smoke out of her area.

32.     On or about October 31, 1997, plaintiff and five other employees of defendant Parole Board sent a letter to Pennsylvania Governor Thomas Ridge concerning the health hazard

posed by the tobacco smoke in defendant's building and defendant's refusal to maintain a smoke-free building.

33.   As a direct result of the letter to Governor Ridge, on or about November 3, 1997, defendant Neumyer involuntarily transferred plaintiff to the Parole Board's Harrisburg District Office, located at 1303 North Seventh Street in Harrisburg, Pennsylvania, where she reported to defendant Linwood Fielder as her new supervisor.

34.   The Harrisburg District Office building at 1303 North Seventh Street was an undesirable work location for plaintiff, however, because the building was known to have a significant air quality problem.

35.   At the time when defendants made the decision to transfer plaintiff to the Harrisburg District Office building at 1303 North Seventh Street, defendants knew about the building's poor air quality, as numerous employees had complained of respiratory illnesses and other health problems caused by the air in the building.  Defendants thus transferred plaintiff to a building which was reasonably expected to further adversely affect her health.

36.   The transfer to the Harrisburg District Office was made in retaliation for plaintiff's having complained about defendants' failure to maintain the Central Office Building as a smoke-free facility.

37.   The air quality problem at the Harrisburg District Office in fact aggravated plaintiff's condition.  While working in the building, plaintiff regularly suffered from frontal headaches, pain in her jaw, joint achiness, nausea, rashes, flushing, and a worsening of her respiratory condition and allergies.

38.    By reason of the injuries described above, plaintiff has in the past and may in the future continue to suffer severe pain, anxiety, depression and emotional damage, and the loss of the joys and pleasures of life.  In addition, plaintiff has been and will in the future be hindered and prevented from attending to her usual and customary duties and occupations, all to her humiliation, embarrassment, loss of pleasures and enjoyment of life, and great financial loss with loss of earnings and earning power.

39.    As a further result of her injuries, plaintiff has been required and will continue to require and undergo medical attention and care and to expend various sums of money and incur various expenses for the injuries and residuals she has suffered, any or all of which may continue in the future.

40.    On or about January 13, 1998, plaintiff filed an administrative complaint with the Pennsylvania Human Relations Commission ("PHRC"), alleging that she was transferred as a result of her medical condition and the fact that she had complained about the defendant's failure to maintain a smoke-free building.  This complaint was dual-filed with the federal Equal Employment Opportunities Commission ("EEOC").

41.    On or about April 1, 1998, the staff at the Harrisburg District Office wrote a memo to defendant Fielder expressing their concerns about the air quality and the health problems they were experiencing from the building.  They requested that the air quality and ventilation system be tested.  Similar requests had previously been made by the employees in this building for at least three years.

42.    Despite several requests, defendant Fielder took no action in response to the employees' requests.

11

U:\DOCS\jb\Harris, D\complaint.wpd

43.    On or about May 8, 1998, plaintiff asked defendant Fielder to provide her with an air cleaning device for her workstation.  This request was denied for no legitimate reason.

44.    On or about July 18, 1998 a report was issued by the Pennsylvania Department of Health regarding the air quality at the Harrisburg District Office.  After learning of the existence of this report, plaintiff repeatedly and continually requested a copy of the report.  Defendants, however, failed to provide a copy of the report to plaintiff and also failed to inform her of the test results until approximately a year after her request.

45.    On or about August 5, 1998, due to her worsening medical condition, plaintiff requested that she be placed on leave without pay.  At this time, plaintiff was continually getting sick from the air quality problems at the Harrisburg District Office building and was frequently missing time from work due to her illnesses and doctor's visits.

46.    On or about September 1, 1998, plaintiff informed defendants that she would not be returning to work at the Harrisburg District Office building due to the medical problems she experienced when working there.

47.    On or about October 19, 1998, when plaintiff was feeling better such that she could again attempt a return to work, plaintiff requested that defendants permit her to return to work at the new Central Office location at 1101 South Front Street (a smoke-free building).  Plaintiff provided a note from her physician stating that she could return to work and perform all required essential job functions but not at the Harrisburg District Office building.  Plaintiff also submitted Americans with Disabilities Act paperwork to defendants, seeking a reasonable accommodation for her disability.

12

48.    Plaintiff received a letter dated October 26, 1998 from defendant Scicchitano (a smoker) directing her to return to work at the Harrisburg District Office immediately or risk termination. Plaintiff's request for a reasonable accommodation was denied without legitimate justification, as defendants claimed that the building posed no health hazard to plaintiff. Defendants again failed to provide plaintiff with a copy of the Department of Health report on the Harrisburg District Office building.

49.    Plaintiff informed defendants that she would not return to work at the Harrisburg District Office building until she was provided with a copy of the Department of Health's inspection report on the building. However, defendants continued to deny plaintiff a copy of the report.

50.    On or about November 12, 1998, defendants scheduled a pre-disciplinary conference ("PDC") to take place on November 24, 1998 at the Harrisburg District Office (the very building that made plaintiff ill), to address plaintiff's failure to return to work at that location. Plaintiff protested to defendants that she should not be disciplined as a result of her disability, but defendants refused to cancel the PDC. Plaintiff did not attend the PDC, instead requesting a meeting with defendant Ward to discuss her returning to work. Defendant Ward failed to respond to plaintiff's requests.

51.    By letter dated December 11, 1998, defendants terminated plaintiff's employment with defendant Parole Board. Defendants have, thereafter, refused to reinstate plaintiff as an employee despite several requests.

52.    On or about October 8, 1999, plaintiff filed an administrative complaint with the EEOC, alleging discrimination on the basis of disability, gender, age, and in retaliation for

13

U:DOCS jfh Harris, Decomplaint.wpd

plaintiff having complained about defendants' failure to provide a smoke-free building. This complaint was dual-filed with the PHRC.

53.    On October 16, 2000, the EEOC issued plaintiff a Notice of Right to Sue letter.

**COUNT ONE**
**PLAINTIFF v. DEFENDANTS**
**DISCRIMINATION ON THE BASIS OF DISABILITY**

54.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-53 above as if fully set forth herein.

55.    Plaintiff's medical condition (i.e., her post-polio syndrome and resulting immune system deficiencies and severe reactions to environmental agents) constitutes a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

56.    Defendants discriminated against plaintiff as a result of her disability by refusing to make the Central Office building a smoke-free facility; requiring plaintiff to work in a smoke-filled environment at the Central Office building; failing to take appropriate steps to remove the smoke from the Central Office building; ignoring pertinent laws, rules, regulations, and management directives pertaining to tobacco smoke in state office buildings; failing to make reasonable accommodations for plaintiff's medical condition as suggested by plaintiff and her physician; harassing plaintiff because of her sensitivity to tobacco smoke; rating plaintiff's attendance as "unsatisfactory" on her 1996 performance evaluation; stating on her 1996 performance evaluation that plaintiff missed too much time from work; preventing plaintiff from bringing her complaint up the chain of command above defendants Payton and Yerger; prohibiting plaintiff's union representative from attending plaintiff's meeting with defendants

14

Payton and Yerger; failing to enforce the smoking policy instituted by defendant Parole Board in January, 1997; refusing to transfer plaintiff to a position in a smoke-free building when requested by plaintiff; assigning plaintiff to work in a dusty warehouse which worsened plaintiff's injuries; transferring plaintiff to the environmentally hazardous District Office building at 1303 North Seventh Street; failing to adequately investigate and address the health problems and concerns of employees made sick at the District Office building; failing to adequately test the air quality in the District Office building; failing to provide reasonable accommodations to the employees in the District Office building to prevent illnesses resulting from the air in the building; denying plaintiff's request for an air cleaning device for her work station at the District Office building; refusing to provide plaintiff with a copy of the Department of Health report upon her request; requiring plaintiff to return to work at the District Office building or risk termination; scheduling a PDC to take place at the District Office building; failing to respond to plaintiff's correspondence to the Board Chairman; terminating plaintiff's employment; and refusing to reinstate plaintiff's employment.

57.    The above acts and failures to act by defendants constitute discrimination against plaintiff because of her status as a disabled person, in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

58.    Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

59.    Any proffered non-discriminatory reason for defendants' discrimination against plaintiff is illegitimate and a mere pretext.

15

60.     As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

61.     The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

62.     Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

63.     Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

**COUNT TWO**
**PLAINTIFF v. DEFENDANTS**
**DISCRIMINATION ON THE BASIS OF GENDER**

64.     Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-63 above as if fully set forth herein.

65.     The above acts and failures to act constitute discrimination against plaintiff on the basis of her gender (female), in violation of Title VII of the federal Civil Rights Act, 42 U.S.C.

§2000e-1, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq., as similarly situated male employees were not treated in the same way as plaintiff.

66.     Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

67.     Any proffered non-discriminatory reason for defendants' discrimination against plaintiff is illegitimate and a mere pretext.

68.     As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

69.     The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

70.     Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

71.     Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

17

## COUNT THREE
## PLAINTIFF v. DEFENDANTS
## DISCRIMINATION ON THE BASIS OF AGE

72.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-71 above as if fully set forth herein.

73.    The above acts and failures to act constitute discrimination against plaintiff on the basis of her age (currently 50 years old), in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. §623, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq., as similarly situated younger workers were not treated in the same way as plaintiff.

74.    Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

75.    Any proffered non-discriminatory reason for defendants' discrimination against plaintiff is illegitimate and a mere pretext.

76.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

77.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

78.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

79.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## COUNT FOUR
## PLAINTIFF v. DEFENDANTS
## RETALIATION

80.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-79 above as if fully set forth herein.

81.    After complaining of the smoke and air quality in the office buildings, plaintiff was subjected to retaliation from defendants, including but not limited to refusing to make the Central Office building a smoke-free facility; requiring plaintiff to work in a smoke-filled environment at the Central Office building; failing to take appropriate steps to remove the smoke from the Central Office building; failing to make reasonable accommodations for plaintiff's medical condition as suggested by plaintiff and her physician; harassing plaintiff because of her sensitivity to tobacco smoke; rating plaintiff's attendance as "unsatisfactory" on her 1996 performance evaluation; stating on her 1996 performance evaluation that plaintiff missed too much time from work; preventing plaintiff from bringing her complaint up the chain of command above defendants Payton and Yerger; prohibiting plaintiff's union representative from attending plaintiff's meeting with defendants Payton and Yerger; failing to enforce the smoking

policy instituted by defendant Parole Board in January, 1997; refusing to transfer plaintiff to a position in a smoke-free building when requested by plaintiff; assigning plaintiff to work in a dusty warehouse which worsened plaintiff's injuries; transferring plaintiff to the environmentally hazardous District Office building at 1303 North Seventh Street; failing to adequately investigate and address the health problems and concerns of employees made sick at the District Office building; failing to adequately test the air quality in the District Office building; failing to provide reasonable accommodations to the employees in the District Office building, including plaintiff, to prevent illnesses resulting from the air in the building; denying plaintiff's request for an air cleaning device for her work station at the District Office building; refusing to provide plaintiff with a copy of the Department of Health report upon her request; requiring plaintiff to return to work at the District Office building or risk termination; scheduling a PDC to take place at the District Office building; failing to respond to plaintiff's correspondence to the Board Chairman; terminating plaintiff's employment; and refusing to reinstate plaintiff's employment. These actions were taken against plaintiff as a direct result of her having complained about the tobacco smoke in the Central Office building and about the environmental hazards of the Harrisburg District Office and their affect upon her health.

82.    By retaliating against plaintiff, defendants acted with malice and/or reckless indifference to plaintiff's right to be free from retaliation under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., Title VII of the federal Civil Rights Act, 42 U.S.C. §2000e-1, et seq., the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

U:\DOCS\jlb\Harris, D.complaint.wpd

83.    Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

84.    Any proffered non-discriminatory reason for defendants' retaliation against plaintiff is illegitimate and a mere pretext.

85.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

86.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

87.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

88.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## COUNT FIVE
## PLAINTIFF v. DEFENDANTS
## AIDING AND ABETTING THE COMMISSION OF DISCRIMINATORY ACTS

89.     Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-88 above as if fully set forth herein.

90.     The defendants, as agents, managers, and supervisors of the Pennsylvania Board of Probation and Parole, knew of the discrimination against plaintiff but failed to take any steps to stop the unwanted behavior.

91.     In addition, as a result of plaintiff's complaints, defendants intentionally harassed plaintiff and subjected her to retaliation as described above.

92.     The defendants, as agents, managers, and supervisors of the Pennsylvania Board of Probation and Parole knew of the harassment and retaliation, but failed to take any steps to stop such behavior.

93.     The above acts and failures to act constitute aiding and abetting discriminatory acts, in violation of the Pennsylvania Human Relations Act, 43 P.S. §955.  These actions constitute extreme and outrageous conduct in reckless disregard for plaintiff's safety, well-being, and physical and emotional health.

94.     Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

95.     Any proffered non-discriminatory reason for defendants' aiding and abetting the discriminatory and retaliatory acts toward plaintiff is illegitimate and a mere pretext.

96.     As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

97.     The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

98.     Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

99.     Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

**COUNT SIX**
**PLAINTIFF v. DEFENDANTS**
**WRONGFUL TERMINATION**

100.     Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-99 above as if fully set forth herein.

101.     Plaintiff was unlawfully terminated from her position as a clerk stenographer II by defendants on or about December 11, 1998, without proper or adequate cause.

102.    Defendants' termination of plaintiff was based at least in part on plaintiff's participation in civil rights activities and her whistle-blowing the activities of defendants, including her protests of defendants' smoking policies and defendants' providing an environmentally hazardous workplace, thereby violating a recognized public policy of protecting the right of freedom of speech, and in violation of whistle blowing legislation and Civil Rights laws protecting individuals from retaliation based on their complaints of discrimination.

103.    Defendants' termination of plaintiff's employment was also wrongful because it was based upon plaintiff's disability status, gender, age, and/or in retaliation for her having complained about the environmental conditions existing at the locations where she worked.

104.    Defendants' termination of plaintiff's employment was further wrongful because, under the Pennsylvania Worker and Community Right to Know Act ("Right to Know Act"), 35 P.S. §7301, et seq., plaintiff had the right to refuse to report to work at the Harrisburg District Office building until defendants provided her with a copy of the Department of Health report she requested, and defendants were prohibited by law from taking any adverse employment action against her until they complied with her request.

105.    As a direct result of the wrongful termination of her employment by defendants, plaintiff has suffered past and future wage losses, as well as reasonably foreseeable consequential damages including emotional distress, humiliation and embarrassment, and other damages as described above.

106.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

107.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

108.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## COUNT SEVEN
### PLAINTIFF v. DEFENDANTS
### DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

109.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-108 above as if fully set forth herein.

110.    Defendants' actions and conduct toward plaintiff, as alleged above, were made under color of state law and constitute a deprivation of her civil rights, in violation of 42 U.S.C. §1983.

111.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

112.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiffs and/or with reckless disregard for plaintiffs' rights and interests.

113.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

114.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

### COUNT EIGHT
### PLAINTIFF v. DEFENDANTS
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

115.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-114 above as if fully set forth herein.

116.    Defendants' joint actions and conduct toward plaintiff, as alleged above, constitute a conspiracy to interfere with plaintiff's civil and constitutional rights, in violation of 42 U.S.C. §1985.

117.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

118.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiffs and/or with reckless disregard for plaintiffs' rights and interests.

119.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

120.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## COUNT NINE
## PLAINTIFF v. DEFENDANTS
## VIOLATION OF THE PENNSYLVANIA RIGHT TO KNOW ACT

121.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-120 above as if fully set forth herein.

122.    Defendants' refusal to provide plaintiff with a copy of the Department of Health report concerning the Harrisburg District Office building, after she requested same, is a violation

of the Pennsylvania Worker and Community Right to Know Act ("Right to Know Act"), 35 P.S. §7301, et seq.

123.    Defendants' ordering plaintiff to return to work at the Harrisburg District Office building, after she informed defendants that she would not return to work at that location until she was provided with a copy of the Department of Health report, is a violation of the Right to Know Act.

124.    Defendants' termination of plaintiff's employment for failing to report to work at the Harrisburg District Office building, when she had not been provided with a copy of the Department of Health report, is a violation of the Right to Know Act.

125.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

126.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiffs and/or with reckless disregard for plaintiffs' rights and interests.

127.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

128.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in

an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances, including reinstatement to her position.

## COUNT TEN
### PLAINTIFF v. DEFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

129.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-128 above as if fully set forth herein.

130.    Defendants' actions toward plaintiff, as described above, all constitute extreme and outrageous conduct.

131.    Defendants' egregious conduct as described above was meant to cause, and in fact did cause, severe emotional distress to plaintiff, which has resulted in a physical manifestation of injury such that plaintiff has required medical care, which care will or may be required in the future.

132.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

133.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

134.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

29

# Office of the Sheriff



Mary Jane Snyder
Real Estate Deputy

William T. Tully
Solicitor

Ralph G. McAllister
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
Harrisburg, Pennsylvania  17101
ph: (717) 255-2660   fax: (717) 255-2889

## Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania**          :

**County of Dauphin**          :

Sheriff's Return

No. 0120-S  -  - -2001

AND NOW: January 16, 2001   at  8:15AM served the within

COMPLAINT                                upon

FIELDER LINWOOD INDIV & AS DISTRICT          by personally handing
DIRECTOR PA BOARD OF PROBATION & PAROLE
to        WILLIAM FORAN, PAROLE AGENT          1  true attested copy(ies)

of the original          COMPLAINT                    and making known

to him/her the contents thereof at  HARRISBURG DISTRICT OFFICE
                                     1303 NORTH SEVENTH ST
                                     HBG, PA  17102-0000

So Answers,

J R Lotwick

Sheriff of Dauphin County, Pa.

RM/ET

Plaintiff: HARRIS DIANNA LYNN

Sheriff's Costs: $277.00 PD 01/11/2001 RCPT NO 145173

# Office of the Sheriff



Mary Jane Snyder
Real Estate Deputy

William T. Tully
Solicitor

Ralph G. McAllister
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

**Dauphin County**
Harrisburg, Pennsylvania 17101
ph: (717) 255-2660   fax: (717) 255-2889

## Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania**        :

**County of Dauphin**        :

Sheriff's Return

No. 0120-S  -  - -2001

AND NOW: January 16, 2001   at 11:40AM served the within

COMPLAINT                              upon

INGRAM LADELLE INDIV & AS EQUAL         by personally handing
EMPLOYMENT OPPORTUNITY SPECIALIST FOR
to     MELISSA HOLLEY, LEGAL ASSISTANT        1  true attested copy(ies)

of the original          COMPLAINT                and making known

to him/her the contents thereof at PENNSYLVANIA BOARD OF PROBATION & PAROLE
                                   1101 S. FRONT ST, SUITE 5600
                                   HBG, PA  17104-0000

So Answers,

Sheriff of Dauphin County, Pa.

RM/ET

Plaintiff: HARRIS DIANNA LYNN

Sheriff's Costs: $277.00 PD 01/11/2001 RCPT NO 145173

# Office of the Sheriff



Mary Jane Snyder
Real Estate Deputy

William T. Tully
Solicitor

Ralph G. McAllister
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
Harrisburg, Pennsylvania  17101
ph: (717) 255-2660   fax: (717) 255-2889

## Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania**          :

**County of Dauphin**                     :

Sheriff's Return

No. 0120-S  -  - -2001

AND NOW: January 16, 2001   at 11:40AM served the within

COMPLAINT                                  upon

NEUMYER MIKE INDIV & AS DIRECTOR OF THE     by personally handing
OFFICE OF MANAGEMENT SERVICES FOR THE
to     MELISSA HOLLEY, LEGAL ASSISTANT        1  true attested copy(ies)

of the original          COMPLAINT              and making known

to him/her the contents thereof at PENNSYLVANIA BOARD OF PROBATION & PAROLE
                                   1101 S. FRONT ST, SUITE 5600
                                   HBG, PA  17104-0000

So Answers,

_J R Lotwick_

Sheriff of Dauphin County, Pa.

RM/ET

Plaintiff: HARRIS DIANNA LYNN

Sheriff's Costs: $277.00 PD 01/11/2001 RCPT NO 145173

# Office of the Sheriff



Mary Jane Snyder
Real Estate Deputy

William T. Tully
Solicitor

Ralph G. McAllister
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
Harrisburg, Pennsylvania 17101
ph: (717) 255-2660   fax: (717) 255-2889

## Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania**       :

**County of Dauphin**                  :

Sheriff's Return

No. 0120-S  -  - -2001

AND NOW: January 16, 2001  at 11:40AM served the within

COMPLAINT                                upon

PAYTON DAVID INDIV & AS DIRECTOR OF        by personally handing
OFFICE SERVICES FOR THE

to      MELISSA HOLLEY, LEGAL ASSISTANT      1  true attested copy(ies)

of the original        COMPLAINT              and making known

to him/her the contents thereof at  PENNSYLVANIA BOARD OF PROBATION & PAROLE
                                    1101 S. FRONT ST, SUITE 5600
                                    HBG, PA  17104-0000

So Answers,

Sheriff of Dauphin County, Pa.

RM/ET

Plaintiff: HARRIS DIANNA LYNN

Sheriff's Costs: $277.00 PD 01/11/2001 RCPT NO 145173

# Office of the Sheriff



Mary Jane Snyder
Real Estate Deputy

William T. Tully
Solicitor

Ralph G. McAllister
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
Harrisburg, Pennsylvania 17101
ph: (717) 255-2660   fax: (717) 255-2889

## Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania**    :

**County of Dauphin**       :

Sheriff's Return

No. 0120-S  -  - -2001

AND NOW: January 16, 2001   at 11:40AM served the within

COMPLAINT           upon

PENNSYLVANIA BOARD OF PROBATION & PAROLE   by personally handing

to   MELISSA HOLLEY, LEGAL ASSISTANT    1 true attested copy(ies)

of the original      COMPLAINT      and making known

to him/her the contents thereof at 1101 S. FRONT ST
              HBG, PA  17104-0000

So Answers,

Sheriff of Dauphin County, Pa.

RM/ET

Plaintiff: HARRIS DIANNA LYNN

Sheriff's Costs: $277.00 PD 01/11/2001 RCPT NO 145173

# Office of the Sheriff



Mary Jane Snyder
Real Estate Deputy

William T. Tully
Solicitor

Ralph G. McAllister
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
Harrisburg, Pennsylvania  17101
ph: (717) 255-2660   fax: (717) 255-2889

## Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania**          :

**County of Dauphin**          :

Sheriff's Return

No. 0120-S  -  - -2001

AND NOW: January 16, 2001   at 11:40AM served the within

COMPLAINT                                        upon

SCICCHITANO GARY INDIV & AS HUMAN          by personally handing
RESOURCES DIRECTOR FOR THE
to     MELISSA HOLLEY, LEGAL ASSISTANT          1  true attested copy(ies)

of the original          COMPLAINT                    and making known

to him/her the contents thereof at PENNSYLVANIA BOARD OF PROBATION & PAROLE
                                   1101 S. FRONT ST, SUITE 5600
                                   HBG, PA  17104-0000

So Answers,

J R Lotwick

Sheriff of Dauphin County, Pa.

RM/ET

Plaintiff: HARRIS DIANNA LYNN

Sheriff's Costs: $277.00 PD 01/11/2001 RCPT NO 145173

# Office of the Sheriff



**Mary Jane Snyder**
Real Estate Deputy

**William T. Tully**
Solicitor

**Ralph G. McAllister**
Chief Deputy

**Michael W. Rinehart**
Assistant Chief Deputy

Dauphin County
Harrisburg, Pennsylvania 17101
ph: (717) 255-2660   fax: (717) 255-2889

**Jack Lotwick**
Sheriff

**Commonwealth of Pennsylvania**          :

**County of Dauphin**          :

Sheriff's Return

No. 0120-S  -  - -2001

AND NOW: January 16, 2001   at 11:40AM served the within

COMPLAINT                                  upon

WARD WILLIAM INDIVIDUALLY & AS CHAIRMAN      by personally handing
OF THE PA BOARD OF PROBATION & PAROLE
to      MELISSA HOLLEY, LEGAL ASSISTANT        1  true attested copy(ies)

of the original          COMPLAINT                    and making known

to him/her the contents thereof at 1101 S. FRONT ST, SUITE 5600
                                    HBG, PA  17104-0000

So Answers,

*J R Lotwick*

Sheriff of Dauphin County, Pa.

RM/ET

Plaintiff: HARRIS DIANNA LYNN

Sheriff's Costs: $277.00 PD 01/11/2001 RCPT NO 145173

# Office of the Sheriff



Mary Jane Snyder
Real Estate Deputy

William T. Tully
Solicitor

Ralph G. McAllister
Chief Deputy

Michael W. Rinehart
Assistant Chief Deputy

Dauphin County
Harrisburg, Pennsylvania  17101
ph: (717) 255-2660   fax: (717) 255-2889

## Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania**         :

**County of Dauphin**                :

Sheriff's Return

No. 0120-S  -  - -2001

AND NOW: January 16, 2001   at 11:40AM served the within

COMPLAINT                              upon

YERGER ROBERT INDIV & AS DIRECTOR OF      by personally handing
ADMINISTRATIVE SERVICES FOR THE
to     MELISSA HOLLEY, LEGAL ASSISTANT      1  true attested copy(ies)

of the original          COMPLAINT                and making known

to him/her the contents thereof at 1101 S. FRONT ST, SUITE 5600
                          HBG, PA  17104-0000

So Answers,

_J R Lotwick_

_____
Sheriff of Dauphin County, Pa.

RM/ET

Plaintiff: HARRIS DIANNA LYNN

Sheriff's Costs: $277.00 PD 01/11/2001 RCPT NO 145173