# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNA LYNN HARRIS | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al., | : | CV-01-0270 |
| Defendants | : | |
| | : | |

**FILED**
HARRISBURG, PA

MAR 02 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff Dianna Lynn Harris, by and through her attorneys, Mattioni, Ltd., hereby moves this Court pursuant to 28 U.S.C. §1447(c) to remand this case to the state court from which it was removed. In support of this motion, plaintiff states as follows:

1.    On or about January 9, 2001, plaintiff, a Pennsylvania resident, filed a Complaint in the Court of Common Pleas of Dauphin County, Pennsylvania, against defendants, alleging, among other things, discrimination against plaintiff in her employment with the Pennsylvania Board of Probation and Parole. A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.    Plaintiff asserts claims against defendants Pennsylvania Board of Probation and Parole ("Parole Board"), William F. Ward, Mike Neumeyer, Gary Schicchitano, Ladelle Ingram, Robert Yerger, David Payton, and Linwood Fielder. Defendant Parole Board is a Commonwealth agency, and the individual defendants are all employees of said Commonwealth agency. The Complaint brings claims against the individual defendants in their official and individual capacities.

3.    The Complaint was served on defendants on January 16, 2001.

4.      On or about February 12, 2001, counsel for defendants filed a Notice of Removal to remove the action to this Court.  A copy of Defendants' Petition for Removal, without attachments, is appended hereto as Exhibit B.

5.      Defendants' Petition for Removal alleges jurisdiction in this Court due to original jurisdiction over federal claims pursuant to 28 U.S.C. §1331 and §1334, and supplemental jurisdiction over state law claims emanating from the same facts.  Defendants therefore seek removal pursuant to 28 U.S.C. §1441(a) (pertaining to actions brought in state court of which federal courts have original jurisdiction) and 28 U.S.C. §1441(b) (pertaining to actions founded on claims arising under the Constitution, treaties, or laws of the United States).

6.      Defendants assert in the Petition, however, that they "expressly do not waive any defenses and claims of immunity (eleventh amendment or sovereign), privilege or other defenses" in filing the petition for removal.  See Exhibit B, paragraph 6.

7.      This case should be remanded to state court because the Petition for Removal is technically deficient and because this court lacks subject matter jurisdiction over plaintiff's claims against the Commonwealth agency and the Commonwealth employees acting in their official capacities.

8.      This case should further be remanded to state court because, due to considerations of judicial economy, the case should be heard in a court capable of determining all of the claims against the defendants in a unified manner, rather than permitting the controversy to be "split" in such a way that certain claims will be heard in federal court while other claims arising from the same facts will be heard in state court.

2

WHEREFORE, plaintiff respectfully requests that this matter be remanded to the Court

of Common Pleas of Dauphin County, Pennsylvania, and further seeks the imposition of

attorneys' fees against the defendants for the time and costs incurred in responding to

Defendants' Petition for Removal.


MATTIONI, LTD.


Dated: 2/28/01              BY:    _Joseph F. Bom_____

                                   EUGENE MATTIONI, ESQUIRE
                                   JOSEPH F. BOUVIER, ESQUIRE
                                   JOSH J.T. BYRNE, ESQUIRE

MATTIONI, LTD.
BY:    EUGENE MATTIONI, ESQUIRE
        JOSEPH BOUVIER, ESQUIRE
Identification Nos. 15291; 54107
399 Market Street, Second Floor
Philadelphia, PA 19106
(215) 629-1600

Attorneys for Plaintiff

---

DIANNA LYNN HARRIS

              Plaintiff

    v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, et al.,

          Defendants

:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA
LAW DIVISION

JANUARY TERM, 2001

NO. *120 S 2001*

---

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. | USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan mas adelante en las siguientes paginas, debe tomar accion dentro de los proximos veinte (20) dias despues de la notificacion de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas acqui en contra suya. Se le advierte de que si usted falla de tomar accion se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamacion o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin mas aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO O NO PUEDE PAGARLE A UNO, LLAME O VAYA A LA SIGUIENTE OFICINA PARA AVERIGUAR DONDE PUEDE ENCONTRAR ASISTENCIA LEGAL. |

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
Telephone: (717) 232-7536

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
Telephone: (717) 232-7536

U:\DOCS\jb\Harris. Docmplaint.wpd

THIS IS NOT A MOTOR
VEHICLE CASE.
THIS IS NOT AN
ARBITRATION MATTER.
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.
JURY TRIAL DEMANDED.

MATTIONI, LTD.
BY:   EUGENE MATTIONI, ESQUIRE
        JOSEPH BOUVIER, ESQUIRE
Identification Nos. 15291; 54107
399 Market Street, Second Floor
Philadelphia, PA  19106
(215) 629-1600

Attorneys for Plaintiff

---

DIANNA LYNN HARRIS : COURT OF COMMON PLEAS
2329 Penn Street : DAUPHIN COUNTY, PENNSYLVANIA
Harrisburg, PA 17110 : LAW DIVISION
 :
                    Plaintiff : 
 : JANUARY TERM, 2001
 :
        v. :
 :
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE : NO. 120 s 2001
1101 S. Front Street :
Harrisburg, PA 17104 :
 :
        and :
 :
WILLIAM WARD, Individually and :
as Chairman of the Pennsylvania Board of :
Probation and Parole :
1101 S. Front Street, Suite 5600 :
Harrisburg, PA 17104 :
 :
        and :

U:\DOC\Style\Harris_Damages.wpd

MIKE NEUMYER, Individually and as          :
Director of the Office of Management        :
Services for the Pennsylvania Board of      :
Probation and Parole                        :
1101 S. Front Street, Suite 5600            :
Harrisburg, PA 17104                        :
                                            :
        and                                 :
                                            :
GARY SCICCHITANO, Individually and  :
as Human Resources Director for the         :
Pennsylvania Board of Probation and Parole :
1101 S. Front Street, Suite 5600            :
Harrisburg, PA 17104                        :
                                            :
        and                                 :
                                            :
LADELLE INGRAM, Individually and as  :
Equal Employment Opportunity Specialist     :
for the Pennsylvania Board of Probation     :
and Parole                                  :
1101 S. Front Street, Suite 5600            :
Harrisburg, PA 17104                        :
                                            :
        and                                 :
                                            :
ROBERT YERGER, Individually and as   :
the Director of Administrative Services for :
the Pennsylvania Board of Probation         :
and Parole                                  :
1101 S. Front Street, Suite 5600            :
Harrisburg, PA 17104                        :
                                            :
        and                                 :
                                            :
DAVID PAYTON, Individually and as    :
Director of Office Services for the         :
Pennsylvania Board of Probation and Parole :
1101 S. Front Street, Suite 5600            :
Harrisburg, PA 17104                        :
                                            :
        and                                 :

2

U:\DOC\Syb\Harris, Demophint.wpd

LINWOOD FIELDER, Individually and　　:
as District Director for the Pennsylvania　:
Board of Probation and Parole　　　　:
Harrisburg District Office　　　　　　:
1303 North Seventh Street　　　　　　:
Harrisburg, PA 17102　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Defendants　　　　　:
　　　　　　　　　　　　　　　　:
_____:

## CIVIL ACTION

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Dianna Lynn Harris, by and through her attorneys, Mattioni, Ltd., hereby files

this Complaint against the above defendants, alleging as follows:

1.　　Plaintiff, Dianna Lynn Harris, is an adult individual residing at 2329 Penn Street,

Harrisburg, PA 17110.

2.　　Defendant Pennsylvania Board of Probation and Parole ("Parole Board") is an

agency of the Commonwealth of Pennsylvania, with a principal office located at 1101 South

Front Street, Harrisburg, PA.

3.　　Defendant William Ward is an adult individual who, upon information and belief,

is a citizen and resident of the Commonwealth of Pennsylvania.  At all pertinent times hereto,

defendant Ward was the Chairman of the Parole Board, and plaintiff believes that he continues to

be employed for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

4.　　Defendant Mike Neumyer is an adult individual who, upon information and

belief, is a citizen and resident of the Commonwealth of Pennsylvania.  At all pertinent times

hereto, defendant Neumyer was the Director of Personnel for the Parole Board, and plaintiff

3

believes that he continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

5.    Defendant Gary Scicchitano is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Scicchitano was the Human Resources Director of the Parole Board, and plaintiff believes that he continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

6.    Defendant LaDelle Ingram is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Ingram was the Equal Employment Opportunity Specialist for the Parole Board, and plaintiff believes that she continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

7.    Defendant Robert Yerger is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Yerger was the Director of Administrative Services of the Parole Board, and plaintiff believes that he continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

8.    Defendant David Payton is an adult individual who, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania. At all pertinent times hereto, defendant Payton was the Director of Office Services of the Parole Board, and plaintiff believes that he continues to be employed in said position for defendant Parole Board at 1101 S. Front Street, Suite 5600, Harrisburg, PA.

U:\DOC3\yb\Morris, Decomplaint.wpd

15.     Plaintiff's work station was located on the second floor of the Central Office Building and was in close proximity to the designated smoking area on that floor. Plaintiff also was required to perform work in areas where other employees congregated to smoke.

16.     Plaintiff complained numerous times to defendant Payton that the smoke in the workplace was making her sick. Defendant Payton, however, took no action to alleviate the problem or accommodate plaintiff's medical condition.

17.     Plaintiff suffered numerous adverse health affects as a result of her daily exposure to the tobacco smoke in the Central Office Building, and she began to miss a significant amount of work due to her illnesses.

18.     In June, 1996, plaintiff's physician diagnosed her as suffering from allergic rhinitis with secondary headaches and pain, which condition was aggravated by her constant exposure to tobacco smoke at work.

19.     In or about August, 1996, plaintiff gave defendant Payton a note from her physician informing him that she suffered from allergic rhinitis due to exposure from tobacco smoke at work. The doctor's note recommended that plaintiff be placed in an area where there was no tobacco smoke and where she would not be near any tobacco smoke. It was further recommended that an overhead air-filter system be placed in the office to remove the tobacco smoke. Defendant Payton failed to take any action in response to the doctor's note and plaintiff's request.

20.     In August, 1996, plaintiff met with defendant Ingram to request a reasonable accommodation, pursuant to the Americans With Disabilities Act, to eliminate and/or significantly curtail her exposure to tobacco smoke in the workplace. Defendant Ingram, a

6



cigarette smoker, harassed plaintiff belittled her complaints, dissuading her from filing for an accommodation.

21.    On or about August 28, 1996 plaintiff sent defendant Payton a memo requesting an air cleaning device in an effort to alleviate the offensive and harmful smoke at her work station and also requested a ventilation system for the smoking area. Plaintiff did not receive a response from defendant Payton.

22.    On or about September 4, 1996, plaintiff sent defendant Yerger a memo requesting a ventilation device to rid her work area of the tobacco smoke. Plaintiff did not receive a response from defendant Yerger.

23.    On or about September 23, 1996, defendant Payton gave plaintiff an "unsatisfactory" attendance rating on her employment performance evaluation, specifically noting on the evaluation that plaintiff missed too much time from work. These absences from work were due to legitimate health problems, largely stemming from the illnesses brought on by constant exposure to tobacco smoke at work.

24.    Plaintiff complained to defendant Yerger about the evaluation prepared by defendant Payton (Commonwealth rules prohibited a supervisor from giving an employee an unsatisfactory attendance rating due to documented illnesses). Defendant Yerger changed plaintiff's attendance score to "satisfactory," however, defendant Yerger refused to eliminate the sentence in the evaluation which stated that plaintiff missed too much time from work.

25.    Plaintiff attempted to bring her concerns about the evaluation to defendant Neumyer, the next person in the chain of command, but defendants Payton and Yerger blocked plaintiff's efforts to see defendant Neumyer. Defendants Payton and Yerger instead scheduled a

7

posed by the tobacco smoke in defendant's building and defendant's refusal to maintain a smoke-free building.

33.    As a direct result of the letter to Governor Ridge, on or about November 3, 1997, defendant Neumyer involuntarily transferred plaintiff to the Parole Board's Harrisburg District Office, located at 1303 North Seventh Street in Harrisburg, Pennsylvania, where she reported to defendant Linwood Fielder as her new supervisor.

34.    The Harrisburg District Office building at 1303 North Seventh Street was an undesirable work location for plaintiff, however, because the building was known to have a significant air quality problem.

35.    At the time when defendants made the decision to transfer plaintiff to the Harrisburg District Office building at 1303 North Seventh Street, defendants knew about the building's poor air quality, as numerous employees had complained of respiratory illnesses and other health problems caused by the air in the building.  Defendants thus transferred plaintiff to a building which was reasonably expected to further adversely affect her health.

36.    The transfer to the Harrisburg District Office was made in retaliation for plaintiff's having complained about defendants' failure to maintain the Central Office Building as a smoke-free facility.

37.    The air quality problem at the Harrisburg District Office in fact aggravated plaintiff's condition.  While working in the building, plaintiff regularly suffered from frontal headaches, pain in her jaw, joint achiness, nausea, rashes, flushing, and a worsening of her respiratory condition and allergies.

10

 

38. By reason of the injuries described above, plaintiff has in the past and may in the future continue to suffer severe pain, anxiety, depression and emotional damage, and the loss of the joys and pleasures of life. In addition, plaintiff has been and will in the future be hindered and prevented from attending to her usual and customary duties and occupations, all to her humiliation, embarrassment, loss of pleasures and enjoyment of life, and great financial loss with loss of earnings and earning power.

39. As a further result of her injuries, plaintiff has been required and will continue to require and undergo medical attention and care and to expend various sums of money and incur various expenses for the injuries and residuals she has suffered, any or all of which may continue in the future.

40. On or about January 13, 1998, plaintiff filed an administrative complaint with the Pennsylvania Human Relations Commission ("PHRC"), alleging that she was transferred as a result of her medical condition and the fact that she had complained about the defendant's failure to maintain a smoke-free building. This complaint was dual-filed with the federal Equal Employment Opportunities Commission ("EEOC").

41. On or about April 1, 1998, the staff at the Harrisburg District Office wrote a memo to defendant Fielder expressing their concerns about the air quality and the health problems they were experiencing from the building. They requested that the air quality and ventilation system be tested. Similar requests had previously been made by the employees in this building for at least three years.

42. Despite several requests, defendant Fielder took no action in response to the employees' requests.

11



plaintiff having complained about defendants' failure to provide a smoke-free building. This complaint was dual-filed with the PHRC.

53.    On October 16, 2000, the EEOC issued plaintiff a Notice of Right to Sue letter.

## COUNT ONE
### PLAINTIFF v. DEFENDANTS
### DISCRIMINATION ON THE BASIS OF DISABILITY

54.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-53 above as if fully set forth herein.

55.    Plaintiff's medical condition (i.e., her post-polio syndrome and resulting immune system deficiencies and severe reactions to environmental agents) constitutes a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

56.    Defendants discriminated against plaintiff as a result of her disability by refusing to make the Central Office building a smoke-free facility; requiring plaintiff to work in a smoke-filled environment at the Central Office building; failing to take appropriate steps to remove the smoke from the Central Office building; ignoring pertinent laws, rules, regulations, and management directives pertaining to tobacco smoke in state office buildings; failing to make reasonable accommodations for plaintiff's medical condition as suggested by plaintiff and her physician; harassing plaintiff because of her sensitivity to tobacco smoke; rating plaintiff's attendance as "unsatisfactory" on her 1996 performance evaluation; stating on her 1996 performance evaluation that plaintiff missed too much time from work; preventing plaintiff from bringing her complaint up the chain of command above defendants Payton and Yerger; prohibiting plaintiff's union representative from attending plaintiff's meeting with defendants

14



Payton and Yerger; failing to enforce the smoking policy instituted by defendant Parole Board in January, 1997; refusing to transfer plaintiff to a position in a smoke-free building when requested by plaintiff; assigning plaintiff to work in a dusty warehouse which worsened plaintiff's injuries; transferring plaintiff to the environmentally hazardous District Office building at 1303 North Seventh Street; failing to adequately investigate and address the health problems and concerns of employees made sick at the District Office building; failing to adequately test the air quality in the District Office building; failing to provide reasonable accommodations to the employees in the District Office building to prevent illnesses resulting from the air in the building; denying plaintiff's request for an air cleaning device for her work station at the District Office building; refusing to provide plaintiff with a copy of the Department of Health report upon her request; requiring plaintiff to return to work at the District Office building or risk termination; scheduling a PDC to take place at the District Office building; failing to respond to plaintiff's correspondence to the Board Chairman; terminating plaintiff's employment; and refusing to reinstate plaintiff's employment.

57.    The above acts and failures to act by defendants constitute discrimination against plaintiff because of her status as a disabled person, in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

58.    Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

59.    Any proffered non-discriminatory reason for defendants' discrimination against plaintiff is illegitimate and a mere pretext.

15

60.     As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

61.     The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

62.     Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

63.     Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

### COUNT TWO
### PLAINTIFF v. DEFENDANTS
### DISCRIMINATION ON THE BASIS OF GENDER

64.     Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-63 above as if fully set forth herein.

65.     The above acts and failures to act constitute discrimination against plaintiff on the basis of her gender (female), in violation of Title VII of the federal Civil Rights Act, 42 U.S.C.

16

§2000e-1, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq., as similarly situated male employees were not treated in the same way as plaintiff.

66.    Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

67.    Any proffered non-discriminatory reason for defendants' discrimination against plaintiff is illegitimate and a mere pretext.

68.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

69.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

70.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

71.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

17

## COUNT THREE
### · PLAINTIFF v. DEFENDANTS
#### DISCRIMINATION ON THE BASIS OF AGE

72.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-71 above as if fully set forth herein.

73.    The above acts and failures to act constitute discrimination against plaintiff on the basis of her age (currently 50 years old), in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. §623, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq., as similarly situated younger workers were not treated in the same way as plaintiff.

74.    Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

75.    Any proffered non-discriminatory reason for defendants' discrimination against plaintiff is illegitimate and a mere pretext.

76.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

77.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

78.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

18

79.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## COUNT FOUR
## PLAINTIFF v. DEFENDANTS
## RETALIATION

80.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-79 above as if fully set forth herein.

81.    After complaining of the smoke and air quality in the office buildings, plaintiff was subjected to retaliation from defendants, including but not limited to refusing to make the Central Office building a smoke-free facility; requiring plaintiff to work in a smoke-filled environment at the Central Office building; failing to take appropriate steps to remove the smoke from the Central Office building; failing to make reasonable accommodations for plaintiff's medical condition as suggested by plaintiff and her physician; harassing plaintiff because of her sensitivity to tobacco smoke; rating plaintiff's attendance as "unsatisfactory" on her 1996 performance evaluation; stating on her 1996 performance evaluation that plaintiff missed too much time from work; preventing plaintiff from bringing her complaint up the chain of command above defendants Payton and Yerger; prohibiting plaintiff's union representative from attending plaintiff's meeting with defendants Payton and Yerger; failing to enforce the smoking

19

policy instituted by defendant Parole Board in January, 1997; refusing to transfer plaintiff to a position in a smoke-free building when requested by plaintiff; assigning plaintiff to work in a dusty warehouse which worsened plaintiff's injuries; transferring plaintiff to the environmentally hazardous District Office building at 1303 North Seventh Street; failing to adequately investigate and address the health problems and concerns of employees made sick at the District Office building; failing to adequately test the air quality in the District Office building; failing to provide reasonable accommodations to the employees in the District Office building, including plaintiff, to prevent illnesses resulting from the air in the building; denying plaintiff's request for an air cleaning device for her work station at the District Office building; refusing to provide plaintiff with a copy of the Department of Health report upon her request; requiring plaintiff to return to work at the District Office building or risk termination; scheduling a PDC to take place at the District Office building; failing to respond to plaintiff's correspondence to the Board Chairman; terminating plaintiff's employment; and refusing to reinstate plaintiff's employment. These actions were taken against plaintiff as a direct result of her having complained about the tobacco smoke in the Central Office building and about the environmental hazards of the Harrisburg District Office and their affect upon her health.

82.    By retaliating against plaintiff, defendants acted with malice and/or reckless indifference to plaintiff's right to be free from retaliation under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., Title VII of the federal Civil Rights Act, 42 U.S.C. §2000e-1, et seq., the Age Discrimination in Employment Act, 29 U.S.C. §623, et seq., and the Pennsylvania Human Relations Act, 43 P.S. §955, et seq.

U:\DOCS\jbHarris, D complaint.wpd

83.   Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

84.   Any proffered non-discriminatory reason for defendants' retaliation against plaintiff is illegitimate and a mere pretext.

85.   As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

86.   The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

87.   Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

88.   Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

21

# COUNT FIVE
## PLAINTIFF v. DEFENDANTS
### AIDING AND ABETTING THE COMMISSION OF DISCRIMINATORY ACTS

89.     Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-88 above as if fully set forth herein.

90.     The defendants, as agents, managers, and supervisors of the Pennsylvania Board of Probation and Parole, knew of the discrimination against plaintiff but failed to take any steps to stop the unwanted behavior.

91.     In addition, as a result of plaintiff's complaints, defendants intentionally harassed plaintiff and subjected her to retaliation as described above.

92.     The defendants, as agents, managers, and supervisors of the Pennsylvania Board of Probation and Parole knew of the harassment and retaliation, but failed to take any steps to stop such behavior.

93.     The above acts and failures to act constitute aiding and abetting discriminatory acts, in violation of the Pennsylvania Human Relations Act, 43 P.S. §955.  These actions constitute extreme and outrageous conduct in reckless disregard for plaintiff's safety, well-being, and physical and emotional health.

94.     Plaintiff has exhausted all required administrative remedies and/or such remedies would be futile.

95.     Any proffered non-discriminatory reason for defendants' aiding and abetting the discriminatory and retaliatory acts toward plaintiff is illegitimate and a mere pretext.

96. As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

97. The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

98. Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

99. Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## COUNT SIX
## PLAINTIFF v. DEFENDANTS
## WRONGFUL TERMINATION

100. Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-99 above as if fully set forth herein.

101. Plaintiff was unlawfully terminated from her position as a clerk stenographer II by defendants on or about December 11, 1998, without proper or adequate cause.

U:\DOCS\jyb\Harris. Damaplaint.wpd



102.    Defendants' termination of plaintiff was based at least in part on plaintiff's

participation in civil rights activities and her whistle-blowing the activities of defendants,

including her protests of defendants' smoking policies and defendants' providing an

environmentally hazardous workplace, thereby violating a recognized public policy of protecting

the right of freedom of speech, and in violation of whistle blowing legislation and Civil Rights

laws protecting individuals from retaliation based on their complaints of discrimination.

103.    Defendants' termination of plaintiff's employment was also wrongful because it

was based upon plaintiff's disability status, gender, age, and/or in retaliation for her having

complained about the environmental conditions existing at the locations where she worked.

104.    Defendants' termination of plaintiff's employment was further wrongful because,

under the Pennsylvania Worker and Community Right to Know Act ("Right to Know Act"), 35

P.S. §7301, et seq., plaintiff had the right to refuse to report to work at the Harrisburg District

Office building until defendants provided her with a copy of the Department of Health report she

requested, and defendants were prohibited by law from taking any adverse employment action

against her until they complied with her request.

105.    As a direct result of the wrongful termination of her employment by defendants,

plaintiff has suffered past and future wage losses, as well as reasonably foreseeable consequential

damages including emotional distress, humiliation and embarrassment, and other damages as

described above.

106.    The actions of defendants as described above were intentional, willful, wanton

and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or

with reckless disregard for plaintiff's rights and interests.



107.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

108.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

**COUNT SEVEN**
**PLAINTIFF v. DEFENDANTS**
**DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW**

109.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-108 above as if fully set forth herein.

110.    Defendants' actions and conduct toward plaintiff, as alleged above, were made under color of state law and constitute a deprivation of her civil rights, in violation of 42 U.S.C. §1983.

111.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

U:\DOCS\jah\Harris, Decomplaint.wpd

112.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiffs and/or with reckless disregard for plaintiffs' rights and interests.

113.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

114.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## COUNT EIGHT
## PLAINTIFF v. DEFENDANTS
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

115.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-114 above as if fully set forth herein.

116.    Defendants' joint actions and conduct toward plaintiff, as alleged above, constitute a conspiracy to interfere with plaintiff's civil and constitutional rights, in violation of 42 U.S.C. §1985.

117.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

118.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiffs and/or with reckless disregard for plaintiffs' rights and interests.

119.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

120.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## COUNT NINE
## PLAINTIFF v. DEFENDANTS
### VIOLATION OF THE PENNSYLVANIA RIGHT TO KNOW ACT

121.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-120 above as if fully set forth herein.

122.    Defendants' refusal to provide plaintiff with a copy of the Department of Health report concerning the Harrisburg District Office building, after she requested same, is a violation

U:\DOCS\jh\Harris_Demcomplaint.wpd



of the Pennsylvania Worker and Community Right to Know Act ("Right to Know Act"), 35 P.S. §7301, et seq.

123.    Defendants' ordering plaintiff to return to work at the Harrisburg District Office building, after she informed defendants that she would not return to work at that location until she was provided with a copy of the Department of Health report, is a violation of the Right to Know Act.

124.    Defendants' termination of plaintiff's employment for failing to report to work at the Harrisburg District Office building, when she had not been provided with a copy of the Department of Health report, is a violation of the Right to Know Act.

125.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

126.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiffs and/or with reckless disregard for plaintiffs' rights and interests.

127.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

128.    Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in

28

 

an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances, including reinstatement to her position.

### COUNT TEN
### PLAINTIFF v. DEFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

129.    Plaintiff hereby incorporates by reference the averments contained in Paragraphs 1-128 above as if fully set forth herein.

130.    Defendants' actions toward plaintiff, as described above, all constitute extreme and outrageous conduct.

131.    Defendants' egregious conduct as described above was meant to cause, and in fact did cause, severe emotional distress to plaintiff, which has resulted in a physical manifestation of injury such that plaintiff has required medical care, which care will or may be required in the future.

132.    As a direct and proximate result of defendants' conduct, plaintiff has suffered extensive emotional injuries, physical ailments, past and future wage losses, and other damages as described above.

133.    The actions of defendants as described above were intentional, willful, wanton and/or reckless, and were committed with the malicious intent to injure and harm plaintiff and/or with reckless disregard for plaintiff's rights and interests.

134.    Defendants' actions and conduct were, under the circumstances, egregious and totally unwarranted, and were intended to cause particular harm to plaintiff by causing plaintiff humiliation, shame, and degradation.

U:\DOC\Syb\Morris, D\complaint.wpd

 

135.   Defendants' actions and conduct were such that defendants must be punished to deter such egregious, outrageous, oppressive, and offensive conduct in the future.

WHEREFORE, plaintiff respectfully demands that judgment be entered in her favor and against defendants jointly and/or severally, and that damages be assessed against defendants in an amount in excess of Fifty Thousand Dollars or any applicable arbitration limit, together with prejudgment interest, attorneys' fees, costs, punitive damages and such other relief the Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of twelve (12) on all issues so triable.

MATTIONI, LTD.

BY:   _Joseph F. Bouvier_

EUGENE MATTIONI, ESQUIRE
JOSEPH F. BOUVIER, ESQUIRE

I, Dianna Lynn Harris, hereby state:

1. I am the plaintiff in this action;

2. I verify that the statements made in the foregoing are true and correct to the best of my knowledge, information and belief; and

3. I understand that the statements in said Complaint are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

DIANNA LYNN HARRIS

Dated: January 5, 2001



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIANNA LYNN HARRIS,          :
                 Plaintiff    :          ( 1:CV-01-0270 )
                             :          No.   1:CV  01-027
       v.                    :
                             :                FILED
PENNSYLVANIA BOARD OF        :            HARRISBURG, PA
PROBATION AND PAROLE, et al., :
                 Defendants   :              FEB 1 2 2001

                                         MARY E. D'ANDREA, CLERK
                                         Per_____
            PETITION FOR REMOVAL              Deputy Clerk

Defendants, Pennsylvania Board of Probation and Parole, William F. Ward, Mike

Neumeyer, Gary Schicchitano, Ladelle Ingram, Robert Yerger, David Payton and Linwood

Fielder, by their counsel, Lisa W. Basial, Deputy Attorney General, hereby remove the above-

captioned action for the Court of Common Pleas of Dauphin County, Pennsylvania, to the United

States District Court for the Middle District of Pennsylvania.  The defendants state that the

following grounds support removal:

       1.      On January 9, 2001, plaintiff commenced an action in the Dauphin County Court

of Common Pleas at No. 120 S 2001, by filing a complaint, attached hereto as Exhibit A, in

which plaintiff sets forth the claims against the defendants.

       2.      The complaint was served on January 16, 2001.

       3.      Plaintiff sets forth a claim under 42 U.S.C. §12101 et seq., 42 U.S.C. §2000e-1 et

seq., and 29 U.S.C. §623 et seq, against the defendants alleging discrimination based on

disability, gender and age.  Plaintiff also alleges state law violations under 43 P.S. §955 et seq.

       4.      The Court has original jurisdiction over federal claims pursuant to 28 U.S.C.

§1331 and 1343, supplemental jurisdiction over state law claims emanating from the same facts

pursuant to 28 U.S.C. §1367, and the action is removable to this Court pursuant to 28 U.S.C. §1441(a) and (b).

5.    Notice of Removal has been served this day on plaintiff and to the prothonotary of the Court of Common Pleas of Dauphin County.  Attached as "Exhibit B" is a copy of that Notice.

6.    Defendants expressly do not waive any defenses and claims of immunity (eleventh amendment or sovereign), privilege or other defenses in filing this petition for removal.

WHEREFORE, defendants remove the aforementioned action pending in the Court of Common Pleas of Dauphin County at Docket No. 120 S 2001 to this Court.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By:    *Lisa W. Basial*

LISA W. BASIAL
Deputy Attorney General
I.D. #71554

Office of Attorney General
15th Fl., Strawberry Square
Litigation Section
Harrisburg, PA  17120
(717) 787-7157

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

COUNSEL FOR DEFENDANTS

Dated:  February 12, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIANNA LYNN HARRIS                          :
                                            :
                    Plaintiff               :        CIVIL ACTION
                                            :
        v.                                  :
                                            :
PENNSYLVANIA BOARD OF                        :
PROBATION AND PAROLE, et al.,               :        CV-01-0270
                                            :
                    Defendants              :
                                            :

FILED
HARRISBURG, PA

MAR   2 2001

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR REMAND**

**I.    FACTUAL BACKGROUND**

This case concerns claims of employment discrimination against plaintiff Dianna Lynn

Harris in her employment with the Pennsylvania Board of Probation and Parole (a

Commonwealth agency), culminating in the termination of plaintiff's employment in December,

1998.

Plaintiff's Complaint asserts causes of action based in both state and federal law against

defendants Pennsylvania Board of Probation and Parole ("Parole Board"), William F. Ward,

Mike Neumeyer, Gary Schicchitano, Ladelle Ingram, Robert Yerger, David Payton, and

Linwood Fielder.  The claims against the individual defendants include claims made against

them both in their individual and official capacities.

On or about February 12, 2001, counsel for defendants filed a Petition for Removal to

remove the action to this Court, alleging jurisdiction in this Court due to original jurisdiction

over federal claims pursuant to 28 U.S.C. §1331 and §1334, and supplemental jurisdiction over

state law claims emanating from the same facts.  Defendants thus sought removal pursuant to 28

U.S.C. §1441(a) (pertaining to actions brought in state court of which federal courts have

original jurisdiction) and 28 U.S.C. §1441(b) (pertaining to actions founded on claims arising

under the Constitution, treaties, or laws of the United States).

The Petition for Removal, however, contained a limitation upon the request for removal,

namely, that defendants did not "waive any defenses and claims of immunity (eleventh

amendment or sovereign), privilege or other defenses."

Due to the technical deficiency of the Petition for Removal, the lack of subject matter

jurisdiction in this Court over several of plaintiff's claims, and the waste of valuable judicial

resources that would inevitably occur if this case were _not_ remanded, this Court should remand

the entire case to the state court from which it was removed.

## II.    LEGAL ARGUMENT

### A.    LEGAL BASIS FOR REMAND

28 U.S.C. §1447(c) states, in pertinent part, the following:

> A motion to remand the case on the basis of any defect in removal
> procedure must be made within 30 days after the filing of the notice of removal
> under section 1446(a).  If at any time before final judgment it appears that the
> district court lacks subject matter jurisdiction, the case shall be remanded. . .

Accordingly, when a Petition for Removal is technically deficient, a party may seek a

remand to state court within thirty days after the filing of the removal petition.  In addition, a

case _must_ be remanded to state court where the federal court lacks subject matter jurisdiction

over the matter.

It is also well-settled that the <u>removing party</u> has the burden of showing the existence of federal court jurisdiction and that removal is proper. <u>Cotton v. State of South Dakota, by and Through the South Dakota Department of Social Services</u>, 843 F. Supp. 564, 566 (D.S.D. 1994). The removal statutes are to be strictly construed against removal, as there is a strong presumption against the exercise of removal jurisdiction. <u>Steel Valley Authority v. Union Switch & Signal Division</u>, 809 F.2d 1006, 1010 (3rd Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988); <u>Abels v. State Farm Fire & Casualty Co.</u>, 770 F.2d 26, 29 (3rd Cir. 1985).  Because the burden in establishing the right to remove a case to federal court is high, any unresolved doubts as to the propriety of removal must be resolved in favor of remand.  <u>Prager v. Knight/Trimark Group, Inc.</u>, 124 F. Supp. 2d 229 (D.N.J. 2000).  In this instance, the defendants have not met their burden.

**B.**    **DEFENDANTS' NOTICE OF REMOVAL WAS DEFICIENT**

**1.**    **The conditional nature of the removal petition requires remand.**

By expressly preserving the right to assert defendants' immunities to suit, including Eleventh Amendment immunity, the defendants have placed conditions upon the removal of this case such that it cannot be considered a removal of the entire case as required by the removal statute.  In effect, defendants are saying, "We want the federal court to hear this case, but we want to be able to send part of the case back to state court."

From a practical standpoint, plaintiff knows full well what defendants will do next if the case is not remanded – defendants are no doubt presently preparing a Rule 12(b)(1) motion to be filed, in which defendants will seek dismissal of the claims against the Commonwealth defendant (and the individual defendants acting in their official capacities), for lack of subject matter jurisdiction as a result of the Eleventh Amendment's limitation upon lawsuits against a state in

federal court. Those claims would then be remanded to state court, leaving plaintiff to litigate in

two forums: (1) in state court on the claims against the state and the state actors; and (2) in

federal court on the remaining claims against the defendants in their individual capacities.

Defendants, though, opted to remove this action pursuant to 28 U.S.C. §1441(a) and (b),

and the Court cannot remand just certain parts of this action. As stated in <u>Cotton</u>:

> If this case was an action which could be and was removed under 28
> U.S.C. §1441(c), the Court would have the option of complete or partial remand.
> However, such is not the situation. This action was removed pursuant to 28
> U.S.C. §1441(b) and remand in this instance is governed by 28 U.S.C. §1447(c).
> It is significant to note that unlike §1441(c), §1447(c) does not leave a court with
> discretion to remand only part of an action.

843 F. Supp. at 567 (citation omitted). The entire case, therefore, should be remanded to state

court.

**2.    The Attorney General May Not Perfect a
        Waiver of Eleventh Amendment Immunity.**

Defendants' request for removal is also improper in that it can be construed as an explicit

waiver of defendants' Eleventh Amendment immunity (notwithstanding the self-serving

reservation contained in the removal petition to preserve all immunities). In essence, the

Commonwealth agency, an arm of the State, is in fact <u>seeking</u> to be sued in federal court after the

Complaint was initially filed in state court. Since the Eleventh Amendment has been interpreted

to prohibit a citizen from suing a state in federal court without its consent, the state must give its

consent to be sued in federal court, thereby waiving its Eleventh Amendment immunity, when it

removes an action to federal court. If the state did not wish to waive its Eleventh Amendment

immunity, it could have simply permitted the action to proceed in state court where it was filed

by plaintiff. After taking voluntary steps to remove the case to federal court, the Commonwealth

of the defendants is a Commonwealth agency, the need for unanimous agreement is self-evident

in light of the Eleventh Amendment's restrictions on federal court lawsuits against states.

Defendants' Petition for Removal is therefore defective on several levels. As a result,

remand to state court is the appropriate action here.

C.    **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST THE COMMONWEALTH DEFENDANTS BECAUSE OF THE ASSERTION OF ELEVENTH AMENDMENT IMMUNITY**

A state's assertion of Eleventh Amendment immunity directly challenges the subject

matter jurisdiction of the district court. Fent v. Oklahoma Water Resources Bd., 235 F.3d 553

(10th Cir. 2000); see also Doe v. University of Illinois, 138 F.3d 653, 656 n.2 (7th Cir. 1998),

*remanded on other grounds*, 526 U.S. 1142 (1999); Seaborn v. Florida, 143 F.3d 1405, 1407

(11th Cir. 1998), *cert. denied*, 525 U.S. 1144 (1999); Brown v. North Carolina Div. of Motor

Vehicles, 166 F.3d 698 (4th Cir. 1999); Clark v. Tarrant County, Texas, 798 F.2d 736, 739 (5th

Cir. 1986), *rehearing denied*, 802 F.2d 455 (1986). Since Defendants' Petition for Removal

specifically states that defendants "expressly do not waive any defenses and claims of immunity

(eleventh amendment or sovereign), privilege or other defenses," the defendants have manifested

a clear intent to raise an Eleventh Amendment immunity defense in this matter. As a result, the

Court accordingly lacks subject matter jurisdiction over such claims.

The recent decision in Fent, supra, is particularly compelling in this instance. There, the

Court of Appeals for the Tenth Circuit held that it was reversible error for the court below to

deny the plaintiffs' motion for remand and later dismiss the claims against the state defendants,

since "the Eleventh Amendment prevented the district court from exercising subject-matter

(D. S.C. 1940).  The plain wording of § 1447(c) manifests Congressional determination that the court ought to seek fair allocation of all costs of defending against improper removal.  By adding attorney's fees to costs which may be awarded after remand, Congress provided statutory authority to award attorney's fees without a finding of bad faith. <u>Tenner v Zurek</u>, 168 F.3d 328 (7th Cir. 1999).  Moreover, an award of attorney's fees and costs is certainly appropriate if the Court does find that the removal was improper and/or based upon bad faith or ill motive.

Under the circumstances, in light of the case law surrounding removal petitions which involved assertions of Eleventh Amendment immunity, the Court can certainly find that defendants' removal petition here was improper and not likely to stand.  Plaintiff therefore requests that an award of attorneys fees and costs be entered.[2]

## III.    CONCLUSION

For the reasons set forth above, plaintiff respectfully requests that the Court remand this matter to the Court of Common Pleas of Dauphin County, Pennsylvania, and that defendants be ordered to pay reasonable costs and attorney's fees incurred by plaintiff in responding to Defendants' Petition for Removal.

MATTIONI, LTD.

BY:    _Joseph F. Bouvier_____
EUGENE MATTIONI, ESQUIRE
JOSEPH F. BOUVIER, ESQUIRE
JOSH J.T. BYRNE, ESQUIRE

---

[2]  Plaintiff's counsel will submit a formal statement of costs and fees if the request for costs and fees is granted.

U:\DOCS\jfb\Harris_D\motion for remand.wpd

9

## CERTIFICATE OF SERVICE

I, JOSEPH F. BOUVIER, ESQUIRE, hereby certify that a true and correct copy of

Plaintiff's Motion for Remand was mailed via first class mail on February *28*, 2001 to the

following:

Lisa W. Basial, Esquire
Office of Attorney General
15th Fl., Strawberry Square
Litigation Section
Harrisburg, PA 17120

_____
JOSEPH F. BOUVIER