**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA LYNN HARRIS, : | |
| Plaintiff : | |
| : | No. 1:CV-01-0270 |
| v. : | (Judge Kane) |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, et al., : | |
| Defendants : | |



## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

### I. STATEMENT OF THE CASE

On January 9, 2001, the plaintiff, Dianna Lynn Harris ("Harris"), filed her complaint in the Court of Common Pleas for Dauphin County. In her complaint, Harris alleges violations of or pursuant to the following federal and state statutes: the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"); Title VII of the Civil Rights Act, 42 U.S.C. §2000e-1, *et seq.* ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §623, *et seq.* ("ADEA"); 42 U.S.C. §1983; 42 U.S.C. §1985; the Pennsylvania Human Relations Act, 63 P.S. §955, *et seq.*; and the Pennsylvania Worker and Community Right to Know Act, 35 P.S. §7301, *et seq.*. Harris also asserts a state law claim for intentional infliction of emotional distress and a claim for "violating a recognized public policy of protecting the right of freedom of speech, and in violation of whistle blowing legislation and Civil Rights laws protecting individuals from retaliation based on their complaints of discrimination."[1] Complaint, ¶102. Harris names as defendants the Pennsylvania Board of Probation and Parole ("Board"), William Ward ("Ward"), Mike Neumyer ("Neumyer"), Gary Scicchitano ("Scicchitano"), Ladelle Ingram ("Ingram"),

---

[1] It is unclear to the defendants whether this is a federal or state law claim.

Robert Yerger ("Yerger"), David Payton ("Payton") and Linwood Fielder ("Fielder"). The individual defendants are sued in both their official and individual capacities.

On January 16, 2001, the Dauphin County Sheriff served the complaint on defendants. On February 12, 2001, all of the defendants, who were individually listed at the beginning of the petition and represented by a single attorney, removed the action to this Court. Harris has filed a motion for remand and a supporting brief. This brief is filed in opposition to Harris' motion for remand.

## II. STATEMENT OF FACTS

Harris was employed by the Board as a Clerk Stenographer from January 1993 through December 1998. Harris alleges various problems with her work conditions, specifically exposure to smoke in her work area, and the non-responsiveness of the defendants to her numerous complaints. Harris asserts that she was discriminated against because of her sensitivity to the smoke and because of her age. Harris also alleges that she was subjected to various acts of retaliation for her complaints about the smoke in her work areas, including a transfer and her ultimate termination.

## III. QUESTION PRESENTED

**WHETHER HARRIS' MOTION TO REMAND SHOULD BE DENIED?**

## IV. ARGUMENT

**HARRIS' MOTION TO REMAND SHOULD BE DENIED.**

Title 28 U.S.C. §1441 provides that, except where specifically excluded, "any civil action brought in a State court of which the district courts of the United States have original

2

jurisdiction, may be removed by the defendant" and that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. §1441(a) and (b). A claim can fall within the original jurisdiction of the district courts either when diversity of citizenship exists and the amount in controversy exceeds $75,000, or when the case involves a federal question. 28 U.S.C. §§1331, 1332. Specifically, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Because Harris asserts claims under the ADA, Title VII, the ADEA, 42 U.S.C. §1983 and 42 U.S.C. §1985, the Court's inquiry should end here with a determination that this case was properly removed to this Court because it involves several federal questions.

In her brief, however, Harris makes a variety of assertions, unsupported by relevant authority, which the defendants will address. First, Harris asserts that the defendants are asking this Court to hear only part of this case, and send part of it back to state court. Harris is wrong. As Harris acknowledges in her brief, all of her claims are interrelated. Harris Brief[2], p. 8. However, the fact that Pennsylvania's courts enjoy concurrent jurisdiction over the subject of this lawsuit does not block defendants' absolute statutory right to remove this case to federal court. See DiAntonio v. Pennsylvania State University, 455 F.Supp. 510 (M.D. Pa. 1978); Sheeder v. Eastern Express, Inc., 375 F.Supp. 655 (W.D. Pa. 1974). Rather, this is the exact type of case over which the Court could exercise its discretionary supplemental jurisdiction to retain the state

---

[2]"Harris Brief" refers to the Memorandum of Law in Support of Plaintiff's Motion for Remand."

3

law claims as provided in 29 U.S.C. §1441(c). Defendants are not asking and do not believe that any of Harris' claims should be remanded to state court, at least not at this stage of the proceedings.

To the extent that Harris is believes that she could pursue claims in state court which are barred from being brought in federal court, Harris is mistaken. The sovereign immunity of the Commonwealth of Pennsylvania, as well as Commonwealth agencies and employees acting within the scope of their employment, is reaffirmed by 1 Pa.C.S. §2310, which states in relevant part:

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

The General Assembly, in 42 Pa.C.S. §8522, has specifically waived sovereign immunity as to certain tort actions[3], none of which is pertinent here. The federal claims which are barred by the Eleventh Amendment in federal court are equally barred by state sovereign immunity in state court.

Harris also asserts, in a section of her brief remarkably devoid of citation to any authority

---

[3] In 42 Pa.C.S. §8522, the General Assembly waived sovereign immunity as to claims for damages caused by: (1) vehicles in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) the care, custody or control of personal property; (4) a dangerous condition of Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) the care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.

except a concurring opinion in the U.S. Supreme Court case which specifically rejects her other arguments, that removal of a case to federal court essentially amounts to a "waiver" of a State's Eleventh Amendment immunity protection. Harris Brief, pp. 4-5. This is absurd because, as noted in a footnote, with citation to binding authority, Eleventh Amendment immunity cannot be waived without the explicit approval of the General Assembly. *See* Welch v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468 (1987).

Harris also points out that "all defendants must join in the petition" for removal and that "[t]he failure to specify in the removal petition that all defendants agree to the removal itself may be grounds for remand in some circumstances." Harris Brief, p. 5. She criticizes the petition for removal in this case for the lack of the boilerplate language that "all defendants join in this Petition for Removal." *Id*. Had Harris actually read defendants' petition for removal, she would have noticed that it explicitly begins with the statement that "Defendants, Pennsylvania Board of Probation and Parole, William F. Ward, Mike Neumeyer, Gary Schicchitano, Ladelle Ingram, Robert Yerger, David Payton and Linwood Fielder, by their counsel, Lisa W. Basial, Deputy Attorney General, hereby remove the above-captioned action from the Court of Common Pleas of Dauphin County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania." Petition for Removal, p. 1. Since Harris brought this lawsuit, she certainly knows who the defendants are and should have seen that all of them were included in the removal petition. Harris is apparently criticizing counsel's choice to specifically identify all of the defendants by name as the removing parties rather than include boilerplate language. This argument is, obviously, patently ridiculous.

Harris next advances the theory, with citation to a flurry of irrelevant authority, that

5

because defendants have manifested the intent to raise Eleventh Amendment immunity to some of her claims, the Court somehow lacks subject matter jurisdiction over the entire case. Harris fails to note that the Supreme Court of the United States, in a case she cites for another purpose, specifically has rejected this argument. *See* Wisconsin Department of Corrections v. Schacht, 524 U.S. 381 (1998). In Schacht, the Supreme Court specifically said:

> We repeat our conclusion: A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims . . .A federal court can proceed to hear those other claims. 524 U.S. at 393-94.

As is obvious at first glance, Harris' Title VII claim against the Board and her claims brought pursuant to 42 U.S.C. §1983 against the individual defendants in their individual capacities are not barred by the Eleventh Amendment. *See, e.g.,* Hafer v. Melo, 502 U.S. 21 (1991). The cases cited by Harris in her brief overwhelmingly deal with situations where all federal claims are barred, leaving only state law claims to be decided. These cases are inapposite since the Eleventh Amendment does not bar all of Harris' federal claims. Even after the Commonwealth defendants properly assert their Eleventh Amendment immunity to some claims, a federal question which is properly removable will remain.

Finally, Harris asserts that it would be in the interests of judicial economy to remand the case to state court. Again, Harris is apparently operating under the incorrect assumption that she can litigate her federally barred claims in state court. For the same reasons articulated above, those claims are barred by state sovereign immunity in state court and cannot be pursued in that forum either. Thus, the purported judicial economy is non-existent. In any event, the Court

6

would not have the authority to prevent the defendants from removing federal claims to federal court because Congress expressly has permitted it in the removal statutes.

What this all amounts to is that for some reason Harris would prefer to have her case heard in state court. However, Harris' personal preference as to where she would like to litigate this case or which forum she personally believes is better suited to hear her claims is irrelevant. If the removal of a case containing federal claims could be properly objected to on these grounds, the federal removal statute would be rendered meaningless. Congress provided the defendants with an absolute right to remove this case to federal court because it involves a federal question. 28 U.S.C. §1441.

As logically follows, because defendants' removal of this case to federal court was proper, Harris' request for attorney's fees and costs should be denied.[4]

---

[4] In view of the clear authority permitting removal of this case and Harris' frivolous motion for remand, it would be appropriate for the Court to award the defendants their counsel fees for being required to prepare and file this brief.

## V. CONCLUSION

For the foregoing reasons, Harris' motion to remand should be denied in its entirety.

                                                  Respectfully submitted,

                                                  D. MICHAEL FISHER
                                                  Attorney General

By: _/s/ Lisa W. Basial_
                                                  LISA W. BASIAL
                                                  Deputy Attorney General
                                                  I.D. #71554

                                                  SUSAN J. FORNEY
                                                  Chief Deputy Attorney General
                                                  Chief, Litigation Section

                                                  **COUNSEL FOR DEFENDANTS**

Office of Attorney General
15th Fl., Strawberry Square
Litigation Section
Harrisburg, PA 17120
(717) 787-7157

Dated: March 19, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA LYNN HARRIS, : | |
| Plaintiff : | |
| : | No. 1:CV-01-0270 |
| v. : | (Judge Kane) |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, et al., : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, **LISA W. BASIAL**, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on **March 19, 2001**, I served a true and correct copy of the foregoing **Brief in Opposition to Plaintiff's Motion for Remand** by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

> Eugene Mattioni, Esquire
> Joseph Bouvier, Esquire
> Mattioni, LTD.
> 399 Market Street, 2nd Floor
> Philadelphia, PA  19106

*Lisa W. Basial*
LISA W. BASIAL
Deputy Attorney General