

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNA LYNN HARRIS | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. CV-01-0270 |
| v. | : | (Judge Kane) |
| | : | |
| PENNSYLVANIA BOARD OF | : | FILED |
| PROBATION AND PAROLE, et al., | : | HARRISBURG |
| | : | MAR 3 0 2001 |
| Defendants | : | MARY E. D'ANDREA, CLERK |
| | : | Per_____ |
| | | DEPUTY CLERK |

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO**
**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

I. **REPLY ARGUMENT**

   A. **DEFENDANTS DO NOT HAVE AN "ABSOLUTE STATUTORY RIGHT" TO REMOVE THIS CASE TO FEDERAL COURT**

Contrary to defendants' assertions, defendants do not have an "absolute" statutory right to remove this case to a federal court, but rather have a limited right. For instance, the removal statutes relied upon by defendants in this action (28 U.S.C. §1441(a) and (b)) are subject to the statutory provisions pertaining to remand, which make clear that cases can be remanded if the removal petition is technically deficient or when the federal court lacks subject matter jurisdiction over the case. Indeed, if the federal court lacks subject matter jurisdiction over a case, then remand is mandatory. See 28 U.S.C. §1447(c) ("if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . .") (emphasis added).

Plaintiff here has alleged that the removal petition was technically deficient and that this Court lacks subject matter jurisdiction over this case. Plaintiff's Motion for Remand certainly calls into question whether defendants have the right to remove this case to federal court, and plaintiff submits that defendants have not adequately proven their right to removal in this instance.[1]

First, defendants have not adequately addressed plaintiff's contention that the Petition for Removal was deficient as a result of the conditional nature of the Petition (in that defendants expressly preserved their Eleventh Amendment immunities).

In this case, defendants themselves took the affirmative action of removing this matter to federal court, an act which may be construed as an explicit waiver of Eleventh Amendment immunity. In Wisconsin Department of Corrections v. Schacht, 524 U.S. 381 (1998), Justice Kennedy, in his concurring opinion, observed that the Court "neither reached nor considered the argument that, by giving its express consent to removal of the case from state court, Wisconsin waived its Eleventh Amendment immunity." 524 U.S. at 393. He pointed out that the Supreme Court had held in several cases that a removal from state court by a state defendant in fact constitutes a waiver of its Eleventh Amendment defenses. 524 U.S. at 395 (citing Gunter v. Atlantic Coast Line R. Co. 200 U.S. 273 (1906); Clark v. Barnard, 108 U.S. 436 (1883); Employees of Dept. of Public Health and Welfare of Mo. v. Dept. of Public Health and Welfare of Mo., 411 U.S. 279 (1973); Petty v. Tennessee-Missouri Bridge Comm'n., 359 U.S. 275

---

[1] Defendants have the burden of showing that removal is proper, and this burden is high, as there is a strong presumption against the exercise of removal jurisdiction. See cases cited in Memorandum of Law in Support of Plaintiff's Motion for Remand, Section II.A.

(1959); Missouri v. Fiske, 290 U.S. 18 (1933)). Justice Kennedy further observed that several Circuits have followed such a rule, finding that consent to removal by a state can constitute a waiver of Eleventh Amendment immunity. 524 U.S. at 396 (citing Newfield House, Inc. v. Massachusetts Dept. of Pub. Welfare, 651 F.2d 32 (1st Cir.), cert. denied, 454 U.S. 1114 (1981); Estate of Porter v. Illinois, 36 F.3d 684 (7th Cir. 1994); Silver v. Baggiano, 804 F.2d 1211 (11th Cir. 1986); Gwinn Area Community Schools v. Michigan, 741 F.2d 840 (6th Cir. 1984)).

In addition to the case precedent listed above, Justice Kennedy also offered his own view that a state's removal of a state court Complaint to federal court should in fact constitute an express waiver of Eleventh Amendment immunity.

> [T]he absence of specific authorization, it seems to me, is not an insuperable obstacle to adopting a rule of waiver in every case where the State, through its attorneys, consents to removal from the state court to federal court. If the States know or have reason to expect that removal will constitute a waiver, then it is easy enough to presume that an attorney authorized to represent the State can bind it to the jurisdiction of the federal court (for Eleventh Amendment purposes) by the consent to removal.

524 U.S. at 397.

Defendants have failed to adequately address plaintiff's argument that the removal to federal court constitutes a waiver of Eleventh Amendment immunity, and have failed to provide any case or statutory authority in support of their contention that a state defendant can remove a case to federal court while at the same time expressly reserving its Eleventh Amendment immunities.

Defendants' primary contention, that Schacht permits a removal to federal court and a subsequent assertion of Eleventh Amendment immunity, does not focus on the proper issue and thus is unpersuasive. As noted above, the Supreme Court in Schacht never addressed the

question of whether a state defendant's removal to federal court constitutes a waiver of Eleventh Amendment immunity. The Court's opinion in <u>Schacht</u> relied in large part upon the fact that the defendant did not assert its Eleventh Amendment defenses (which are waivable) until after the matter had been removed to federal court. Thus, the Court reasoned, as of the date of removal, it was unknown whether the defendants would waive their Eleventh Amendment immunities. 524 U.S. at 389-390. Therefore, in that case, it would have been improper for the court to find no federal jurisdiction, based on an assertion of Eleventh Amendment immunity, where there was no inkling that the defendant would seek to assert such immunity. The court was required to analyze the facts before it at the time of the removal petition, which did not include any Eleventh Amendment defenses.

The distinction between <u>Schacht</u> and the present matter is self-evident. Here, unlike in <u>Schacht</u>, the defendants <u>have</u> expressed a desire to assert their Eleventh Amendment immunities in the Petition for Removal itself. This evinces an intent on the part of the defendants to seek dismissal of plaintiff's federal court claims against the Commonwealth defendant and the Commonwealth employees acting in their official capacities. Under such circumstances, the removal is improper because the restrictive language contained in the petition is at odds with the act of removal to federal court.[2]

---

[2] Another important difference between the present case and <u>Schacht</u> lies in the fact that the plaintiff in <u>Schacht</u> failed to file a motion for remand to state court. Thus, the district court never had the opportunity early on to address the issue of whether removal would be proper in the event the defendant wished to raise Eleventh Amendment defenses. Instead, removal in <u>Schacht</u> was assumed to be proper, and the plaintiff did not question its propriety until after judgment was entered in the defendants' favor. Indeed, even then, it appears that the plaintiff did not argue that removal was impermissible until after the Court of Appeals for the Seventh Circuit <u>sua sponte</u> raised on appeal the issue of whether the removal was proper. 524 U.S. at 383-385.

Defendants concede in their Opposition Brief (at p. 5) that Eleventh Amendment immunity cannot be waived without the explicit approval of the General Assembly, yet there is no indication whatsoever in the Petition for Removal that the General Assembly consented to the waiver of Eleventh Amendment immunity here. This makes the Petition for Removal deficient. Accordingly, the case should be remanded to state court.

### B. DEFENDANTS HAVE NOT ESTABLISHED THAT THIS COURT CAN EXERCISE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AFTER THE DEFENDANTS ASSERTED THE DEFENSE OF ELEVENTH AMENDMENT IMMUNITY

Defendants' Opposition Brief fails altogether to address plaintiff's contention that subject matter jurisdiction is non-existent in light of defendants' assertion of Eleventh Amendment immunity in the Petition for Removal. Plaintiff cited several Circuit Court decisions which hold that the assertion of Eleventh Amendment immunity directly challenges the subject matter jurisdiction of the district court. See Memorandum of Law in Support of Plaintiff's Motion for Remand, Section II.C.

On this issue, defendants have argued only that the Schacht decision permits a state defendant to assert its Eleventh Amendment defenses after a matter has been removed. Again, this misses the point altogether. Here, we do not have a situation where the defendants leave silent the question of whether Eleventh Amendment immunity will be raised or if such defenses will be waived. Defendants here have made clear that they intend to assert their Eleventh Amendment immunities to the extent permitted by law. Defendants' argument is inadequate, and defendants thus have failed to meet their burden of showing that removal is proper. This case should be remanded to state court.

C. **PLAINTIFF'S CLAIMS AGAINST THE COMMONWEALTH AND COMMONWEALTH EMPLOYEES WOULD NOT BE BARRED BY STATE SOVEREIGN IMMUNITY IN STATE COURT, THEREFORE, THE DANGER EXISTS THAT PLAINTIFF WILL BE COMPELLED TO LITIGATE HER CLAIMS IN TWO SEPARATE COURTS**

Defendants are incorrect in stating that plaintiff's claims against the Commonwealth which are barred by the court's interpretation of the Eleventh Amendment would be equally barred in state court pursuant to sovereign immunity. Defendants' Opposition Brief, p. 4. In fact, defendants further assert that "Harris is apparently operating under the incorrect assumption that she can litigate her federally barred claims in state court. . . [T]hose claims are barred by state sovereign immunity in state court and cannot be pursued in that forum either. Thus, the purported judicial economy is non-existent." Defendants' Opposition Brief, pp. 6-7. This contention grossly misstates the law and is entirely without merit.

Article I, § 11 of the Pennsylvania Constitution is controlling as to the ability of private parties to bring suit against the Commonwealth of Pennsylvania or its state agencies (or state employees acting in the scope of employment). This section states, in pertinent part, that "suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Thus, since the Legislature passed the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., and specifically included the Commonwealth in its definition of employer,[3] it must be found that in instances of employment discrimination,

---

[3] The Pennsylvania Human Relations Act defines "employer" as follows:

(b) The term "EMPLOYER" <u>includes the Commonwealth or any political subdivision or board, department, commission or school district thereof</u> and any person employing four or more persons within the Commonwealth, but except as hereinafter provided, does not include religious, fraternal, charitable or sectarian

harassment, and/or retaliation, the Commonwealth **has** specifically abrogated its sovereign immunity protections and permitted claims to be brought directly against the Commonwealth and its agencies. See City of Philadelphia v. Pennsylvania Human Relations Commission, 684 A.2d 204, 208 (Pa. Commw. 1996) (holding that a police officer may bring a private action against a political subdivision when the subdivision is acting as an employer); Mansfield State College v. Kovich, 46 Pa. Commw. 399, 401-402, 407 A.2d 1387, 1388 (Pa. Commw. 1979) ("[T]he legislature obviously meant to allow an aggrieved public employee to bring an action against his or her employer, the Commonwealth, for it included the Commonwealth under the term 'employer' in Section 2 of the Act, 43 P.S. § 954").

Thus, sovereign immunity does not protect the Commonwealth or its employees against suits brought under the PHRA, when the Commonwealth is acting as an employer. Moreover, state courts have concurrent subject matter jurisdiction with federal courts in actions brought pursuant to Title VII of the Civil Rights Act of 1964. Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820 (1990). Under our "system of dual sovereignty, it has consistently been held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States[,]" Tafflin v. Levitt, 493 U.S. 455 (1990) and "[t]o give federal courts exclusive jurisdiction over a federal cause of action, Congress must affirmatively divest state courts of their presumptively concurrent jurisdiction." Yellow Freight, supra, 494 U.S. at 839.

---

        corporations or associations, except such corporations or associations supported, in whole or in part, by governmental appropriations.

    43 P.S. § 954(b) (emphasis added).

Plaintiff fears that if this matter is not remanded to state court, certain claims will remain in federal court while other claims will be dismissed and remanded back to state court based on defendants' assertion of their Eleventh Amendment immunity. Thus, the same issues will have to be litigated in two forums. Plaintiff is trying to prevent such an abomination of our legal system. This is not an instance, as contended by defendants, where "for some reason [plaintiff] would prefer to have her case heard in state court." Plaintiff simply prefers to have her case heard in one court, not two, and defendants have failed to meet their burden to establish that the proper forum for this case is federal court.

## II. CONCLUSION

For the reasons set forth above, plaintiff respectfully requests that the Court remand this matter to the Court of Common Pleas of Dauphin County, Pennsylvania, and that defendants be ordered to pay reasonable costs and attorney's fees incurred by plaintiff in responding to Defendants' Petition for Removal.

MATTIONI, LTD.

BY: *Joseph F. Bouvier*
EUGENE MATTIONI, ESQUIRE
JOSEPH F. BOUVIER, ESQUIRE
JOSH J.T. BYRNE, ESQUIRE

## CERTIFICATE OF SERVICE

I, JOSEPH F. BOUVIER, ESQUIRE, hereby certify that a true and correct copy of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Remand was mailed via first class mail on March 26, 2001 to the following:

>Lisa W. Basial, Esquire
>Office of Attorney General
>15th Fl., Strawberry Square
>Litigation Section
>Harrisburg, PA 17120

_____
JOSEPH F. BOUVIER

U:\DOCS\jfb\Harris, D\motion for remand-reply-reply.wpd