ORIGINAL

MATTIONI, LTD.
BY:  EUGENE MATTIONI, ESQUIRE
     JOSEPH F. BOUVIER, ESQUIRE
     JOSH J.T. BYRNE, ESQUIRE
399 Market Street, 2nd Floor
Philadelphia, PA 19106
(215) 629-1600
Attorneys for Plaintiff Dianna Lynn Harris

FILED
HARRISBURG

MAY 24 2001

MARY E. D'ANDREA, CLERK
Per_____
         DEPUTY CLERK

OFFICE OF ATTORNEY GENERAL
BY:  LISA W. BASIAL, DEPUTY ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-7157
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA LYNN HARRIS | : |
| Plaintiff | : CIVIL ACTION NO. 1:01-CV-0270 |
| v. | : (Judge Kane) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al., | : |
| Defendants | : |

### JOINT CASE MANAGEMENT PLAN

1. **Principal Issues**

    1.10  Separately for each party, please give a statement summarizing this case:

    By plaintiff:  Plaintiff is a former employee of defendant Parole Board, who suffered from a pre-existing medical condition that caused her to suffer adverse medical reactions

when exposed to cigarette smoke. Plaintiff complained about the smoke in defendant's Central Office building (defendant permitted smoking in the building) and asked that defendant adhere to the Commonwealth's anti-smoking rules and regulations by making the building "smoke-free." This request was denied by defendants, as were other proposed accommodations subsequently requested by plaintiff to alleviate her condition.

After she complained about the cigarette smoke in the building, plaintiff was subjected to retaliation. Instead of transferring her to a smoke-free building as she requested, defendant transferred plaintiff against her will to defendant's Harrisburg District Office, a building with a known air quality problem, which aggravated her medical condition and caused her to go out of work. In October, 1998, plaintiff had sufficiently recovered such that she wished to begin working again, but she refused to return to work at the Harrisburg District Office until she was given a copy of the Department of Health's air quality report for that building (a statutory right under the Right to Know Act). Defendants refused to supply a copy of the air quality report and instead set up a Pre-Disciplinary Conference ("PDC") to take place at the Harrisburg District Office building. Plaintiff advised that she would not attend a PDC at that location, and asked to meet with Board Chairman Ward to discuss alternatives for returning to work. This request was likewise denied, and defendant terminated plaintiff's employment on December 11, 1998.

Plaintiff seeks damages under federal and state statutes for, among other things, discrimination against her on the basis of her disability, gender, age, and for retaliation against her after she complained of the cigarette smoke in the building.

By defendants: Defendants deny that plaintiff was subject to any discrimination or retaliation.

The principal factual issues that the parties dispute are:

1.11 Whether defendants intentionally discriminated against plaintiff on the basis of her disability, gender, or age.

1.12 Whether defendants retaliated against plaintiff after she complained about the cigarette smoke in the building.

1.13 Whether the incidents occurred as set forth in Plaintiff's Complaint.

1.14 The extent of plaintiff's damages.

agree upon are:

1.20 Plaintiff began her employment with defendant Parole Board in or about January, 1993.

1.21 Plaintiff was assigned to work at defendants' Central Office Building, located at 3101 North Front Street, in or about May, 1995.

1.22 In or about November, 1997, plaintiff was transferred to defendant's Harrisburg District Office, located at 1303 North Seventh Street.

1.23 By letter dated December 11, 1998, defendant Parole Board terminated plaintiff's employment.

1.30 The principal legal issues that the parties dispute are:

1.31 Whether defendants violated plaintiff's rights under the Americans with Disabilities Act.

1.32 Whether defendants violated plaintiff's rights under Title VII of the Civil Rights Act or the Pennsylvania Human Relations Act.

1.33 Whether defendants wrongfully terminated plaintiff's employment.

1.34 Whether defendants violated plaintiff's civil rights under color of state law.

1.35 Whether defendants conspired to interfere with plaintiff's civil rights.

1.36 Whether defendants violated plaintiff's rights under the Right to Know Act.

1.37 Whether defendants intentionally inflicted emotional distress upon plaintiff.

1.38 Whether this Court has jurisdiction over all of plaintiff's claims.

1.39 Whether any of plaintiff's claims are barred by the Eleventh Amendment or by state sovereign immunity.

agree upon are:

1.40 Federal and state law applies to this action.

1.41 Plaintiff falls within a protected classification under federal and state law with regard to her gender and age.

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

There is an unresolved issue as to this Court's jurisdiction over the subject matter of plaintiff's claims. See Plaintiff's Motion for Remand and defendant's reply thereto. In addition,

there are unresolved issues as to this Court's jurisdiction over the subject matter of plaintiff's ADA and ADEA claims, as well as some of her state law claims.

    1.60    Identify any named parties that have not yet been served:    None.

    1.70    Identify any additional parties that:

        plaintiff intends to join:    None anticipated.

        defendants intend to join:    None anticipated.

    1.80    Identify any additional claims that:

        plaintiff intends to add:    None anticipated.

        defendants intend to add:    None anticipated.

**2.0    Alternative Dispute Resolution ("ADR")**

    2.10    Identify any ADR procedure to which this case has already been assigned or which the parties have agreed to use.

        ADR procedure _____

        Date ADR to be commenced _____

        Date ADR to be completed _____

    2.20    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

The parties are willing to submit this case to a Magistrate Judge for a settlement conference when initial written discovery and depositions of parties are completed.

    2.30    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

3.0    **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: _____ Y _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

____ Scranton

____ Wilkes-Barre

____ Harrisburg

4.0    **Disclosures**

    4.100    Separately for each party, list by name and title/position each person whose identity has been disclosed.

        4.101    Disclosed by Plaintiff:    None to date.

            <u>Name</u>    <u>Title/Position</u>

        4.102

        4.103

        4.104

        4.105

        4.106

        4.107

       4.151   Disclosed by Defendants:   None to date.

                    <u>Name</u>               <u>Title/Position</u>

       4.152

       4.153

       4.154

       4.155

4.200   Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

       4.201   Categories of documents disclosed by plaintiff:   None to date.

             4.202

             4.203

             4.204

             4.205

       4.251   Categories of documents disclosed by defendants:   None to date.

             4.252

             4.253

             4.254

             4.255

4.300   Additional Documents Disclosures: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301 Additional categories of documents plaintiff will disclose:

    4.302 Medical records of plaintiff

    4.303 Correspondence between plaintiff and defendants

    4.304 EEOC documentation

4.351 Additional categories of documents defendants will disclose:

    4.352 Plaintiff's personnel records

    4.353 Defendant's internal investigation, if any

    4.354 Defendant's policies regarding matters at issue

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401 Plaintiff's calculation of damages:

    Past wage loss is approximately $13,000 (no employment from 12/11/98-9/99). Thereafter, no continuing wage loss, but employment benefits are much less. Plaintiff intends to present evidence as to the value of the loss of benefits.

    4.402 Defendants' calculation of offset: Offset for any wages and other benefits.

    4.403 Counter claimant/third party claimant's calculation of damages: N/A

**9.0    Scheduling**

    9.1    This case may be appropriate for trial in approximately:

        \_\_\_\_\_    240 days from the filing of the action in this court

        \_\_\_\_\_    365 days from the filing of the action in this court

        _16_   months from the filing of the action in this court

    9.2    Suggested Date for Trial: June, 2002

    9.3    Suggested Date for the final Pretrial Conference: May, 2002

    9.4    Final date for joining additional parties:

        Plaintiff:      60 days before close of discovery

        Defendants:     60 days before close of discovery

    9.5    Final date for amending pleadings:

        Plaintiff:      60 days before close of discovery

        Defendants:     60 days before close of discovery

    9/6    All potentially dispositive motions should be filed by: 30 days after close of discovery

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

12

**11.0  Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party.

Eugene Mattioni, Esquire
Mattioni, Ltd.
399 Market Street, 2nd Floor
Philadelphia, PA 19106
(215) 629-1600
Attorney for Plaintiff

Lisa W. Basial, Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Attorney for Defendants

Dated: 5/23/01

_____
EUGENE MATTIONI, ESQUIRE
JOSEPH F. BOUVIER, ESQUIRE
Attorneys for Plaintiff Dianna Lynn Harris

Dated: 5/24/01

_____
LISA W. BASIAL, DEPUTY ATTORNEY GENERAL
Attorney for Defendants