• See Attached •

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA LYNN HARRIS,<br>Plaintiff, | : |
| v. | : CIVIL ACTION NO. 1:CV-01-270<br>: (Judge Kane) |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, et al.,<br>Defendants. | : |

FILED
HARRISBURG, PA
JUL 24 2001
MARY E. D'ANDREA, CLERK
Per _____

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's motion to remand. The motion has been fully briefed and is ripe for disposition. For the reasons set forth below, Plaintiff's motion to remand will be denied.

### I. Background

Plaintiff filed a complaint in the Court of Common Pleas of Dauphin County on January 9, 2001, alleging federal and state discrimination claims against the Pennsylvania Board of Probation and Parole and a number of its employees in their individual and professional capacities. The complaint was served on January 16, 2001, and on February 12, 2001, counsel for Defendants filed a notice of removal action based upon federal question jurisdiction pursuant to Plaintiff's federal claims and supplemental jurisdiction over her state law claims emerging from the same facts. Plaintiff filed her timely motion for remand on March 2, 2001.

### II. Discussion

Plaintiff's arguments for remand rest upon the propriety of Defendant's reservation, in its removal petition to this Court, of its right to assert Eleventh Amendment immunity. As the U.S.

Supreme Court in <u>Wisconsin Dep't Corr. v. Schacht</u>, 524 U.S. 381 (1998) ruled, the presence of claims against which Defendants may assert Eleventh Amendment immunity does not destroy removal jurisdiction. <u>Id.</u> at 2052. Since this Court would have had original jurisdiction to hear this case had Plaintiff originally filed it here, Defendants may remove it here. <u>Id.</u> at 2053. Whether by choosing to defend in this Court Defendants waived their Eleventh Amendment rights is a question that will not arise unless and until Defendants attempt to assert such immunity.

**III. Order**

AND NOW, for the reasons discussed above, **IT IS ORDERED THAT**:

Plaintiff's motion for remand (Doc. No. 4) is **Denied.**

_____
Yvette Kane
United States District Judge

Dated: July 23rd, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 24, 2001

Re:  1:01-cv-00270    Harris v. Pennsylvania Board o

True and correct copies of the attached were mailed by the clerk
to the following:

   Eugene Mattioni, Esq.
   Mattioni, Ltd.
   399 Market St.
   2nd Floor
   Philadelphia, PA  19106

   Joseph Bouvier, Esq.
   Mattioni, LTD.
   399 Market Street
   Second Floor
   Philadelphia, PA  19106

   Josh J.T. Byrne, Esq.
   Mattioni, LTD.
   399 Market Street
   Second Floor
   Philadelphia, PA  19106

   Lisa W. Basial, Esq.
   Office of the Attorney General of Pennsylvania
   15th Floor, Strawberry Sq.
   Harrisburg, PA  17120    Fax No.: FAX: (717) 772-4526

```
cc:
Judge                    (✓)              ( ) Pro Se Law Clerk
Magistrate Judge         ( )              ( ) INS
U.S. Marshal             ( )              ( ) Jury Clerk
Probation                ( )
U.S. Attorney            ( )
Atty. for Deft.          ( )
Defendant                ( )
Warden                   ( )
Bureau of Prisons        ( )
Ct Reporter              ( )
Ctroom Deputy            ( )
Orig-Security            ( )
```

```
Federal Public Defender    ( )
Summons Issued             ( )  with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5        ( )
Order to Show Cause        ( )  with Petition attached & mailed certified mail
                                 to:  US Atty Gen    ( )    PA Atty Gen ( )
                                      DA of County   ( )    Respondents ( )
Bankruptcy Court           ( )
Other_____ ( )
```

MARY E. D'ANDREA, Clerk

DATE: 7/24/01

BY: _____
    Deputy Clerk