19 9/6/01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANNA LYNN HARRIS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:CV-01-0270** |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

FILED
HARRISBURG
SEP 0 5 2001
MARY E. D'ANDREA, CLERK
Per ___ DEPUTY CLERK

**AMENDED BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

## A. STATEMENT OF THE CASE

On January 9, 2001, the plaintiff, Dianna Lynn Harris ("Harris"), filed her complaint in the Court of Common Pleas for Dauphin County. In her complaint, Harris alleges violations of the following federal and state statutes: the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*.; Title VII of the Civil Rights Act, 42 U.S.C. §2000e-1, *et seq*.; the Age Discrimination in Employment Act, 29 U.S.C. §623, *et seq*.; 42 U.S.C. §1983; 42 U.S.C. §1985; the Pennsylvania Human Relations Act, 63 P.S. §955, *et seq*.; and the Pennsylvania Worker and Community Right-to-Know Act, 35 P.S. §7301, *et seq*. Harris also asserts a state law claim for intentional infliction of emotional distress and a claim for "violating a recognized public policy of protecting the right of freedom of speech, and in

violation of whistle blowing legislation and Civil Rights laws protecting individuals from retaliation based on their complaints of discrimination." Complaint, ¶102. Harris names as defendants the Pennsylvania Board of Probation and Parole ("PBPP"), William Ward, Mike Neumyer, Gary Scicchitano, Ladelle Ingram, Robert Yerger, David Payton and Linwood Fielder. The individual defendants are sued in both their official and individual capacities and all claims are asserted against all defendants.

All defendants have moved to dismiss the complaint. This brief is filed in support of the motion to dismiss.

## B. STATEMENT OF FACTS

Harris was employed by PBPP as a Clerk Stenographer from January 1993 through December 1998. Harris alleges various problems with her work conditions, specifically exposure to smoke in her work area, and the non-responsiveness of the defendants to her numerous complaints. Harris asserts that she was discriminated against because of her sensitivity to the smoke and because of her gender and age. Harris also alleges that she was subjected to various acts of retaliation for her complaints about the smoke in her work areas. She was ultimately terminated on December 11, 1998. Complaint, ¶51.

Harris filed a charge with the Equal Employment Opportunity Commission

on October 8, 1999. Complaint, ¶52. Her charge was cross filed with the Pennsylvania Human Relations Commission. *Id.* Harris filed her complaint in the Dauphin County Court of Common Pleas on January 9, 2001.

## C. QUESTIONS PRESENTED

**1. WHETHER HARRIS FAILS TO STATE AN ADA CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

**2. WHETHER HARRIS FAILS TO STATE AN ADEA CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

**3. WHETHER HARRIS FAILS TO STATE A TITLE VII CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

**4. WHETHER HARRIS FAILS TO STATE A PHRA CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

**5. WHETHER HARRIS FAILS TO STATE CLAIMS PURSUANT TO 42 U.S.C. §1983 AND §1985(3) UPON WHICH RELIEF CAN BE GRANTED?**

**6. WHETHER HARRIS FAILS TO STATE A CLAIM FOR VIOLATION OF THE RIGHT-TO-KNOW ACT UPON WHICH RELIEF CAN BE GRANTED?**

**7. WHETHER HARRIS FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON WHICH RELIEF CAN BE GRANTED?**

## D. ARGUMENT

### 1. HARRIS FAILS TO STATE AN ADA CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Harris asserts claims pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§12101 *et seq.*, in Counts 1 and 4 of the complaint. Harris' ADA claims against the defendants are barred by the Eleventh Amendment. Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2001). For this reason, Harris fails to state any ADA claim against any of the defendants upon which relief can be granted and these claims should be dismissed as to all of the defendants.

### 2. HARRIS FAILS TO STATE AN ADEA CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Harris asserts claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§623 *et seq.*, in Counts 3 and 4 of the complaint. Harris' ADEA claims against the defendants are barred by the Eleventh Amendment. Kimel v. Fl. Bd. of Regents, 528 U.S. 62 (2000). For this reason, Harris fails to state any ADEA claim against any of the defendants upon which relief can be granted and these claims should be dismissed as to all of the defendants.

**3. HARRIS FAILS TO STATE A TITLE VII CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**a. Statute of Limitations.**

Harris asserts claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e-1, *et seq*. ("Title VII"), in Counts 2 and 4 of the complaint. Harris is barred from pursuing these claims because she failed to timely file an administrative charge.

Harris was required to file her charge regarding alleged violations of Title VII with the Equal Employment Opportunity Commission ("EEOC") "within 300 days from the alleged violation." 29 CFR Part 1601, §1601.13(a)(4)(ii)(A). Harris was terminated on December 11, 1998. Complaint, ¶51. She filed a charge with the EEOC on October 8, 1999, Complaint, ¶52, more than three hundred (300) days after her termination.

Because Harris failed to timely file her charge with the EEOC, her claims are barred and should be dismissed.

**b. Title VII Claims against the Individual Defendants.**

In her complaint, Harris asserts her Title VII claims against the individual defendants as well as the PBPP. The Third Circuit has held that individuals may not be held liable under Title VII. Sheridan v. E.I. DuPont de Nemours and Co.,

100 F.3d 1061, 1077 (3d Cir. 1996). For this reason, Harris fails to state a Title VII claim against the individual defendants upon which relief can be granted and these claims should be dismissed as to the individual defendants.

**4. HARRIS FAILS TO STATE A PHRA CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Harris asserts claims pursuant to the Pennsylvania Human Relations Act, 63 P.S. §955, *et seq.* ("PHRA"), in Counts 1, 2, 3, 4 and 5 of the complaint. Harris is barred from pursuing these claims because she failed to timely file an administrative charge.

Harris was required to file her charge regarding alleged violations of the PHRA with the Pennsylvania Human Relations Commission ("PHRC") "within one hundred eighty days after the alleged act of discrimination." 42 P.S. §959(h). Harris was terminated on December 11, 1998. Complaint, ¶51. She filed a charge with the PHRC on October 8, 1999, Complaint, ¶52, more than one hundred eighty (180) days after her termination.

Because Harris failed to timely file her charge with the PHRC, her claims are barred and should be dismissed.

**5. HARRIS FAILS TO STATE CLAIMS PURSUANT TO 42 U.S.C. §1983 AND §1985(3) UPON WHICH RELIEF CAN BE GRANTED.**

**a. Statute of Limitations.**

Harris asserts claims pursuant to 42 U.S.C. §1983 and §1985(3) in Counts 6, 7 and 8 of the complaint.[1] These claims are barred by the statute of limitations.

There is no specific statute of limitations for actions brought pursuant to 42 U.S.C. §1983 or §1985. However, the Supreme Court has held that the statute of limitations for a §1983 claim is the state statute of limitations for personal injury actions which, in Pennsylvania is two (2) years. Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989), *citing* Wilson v. Garcia, 471 U.S. 261 (1985); Smith v. City of Pittsburgh, 764 F.2d 188 (3d Cir. 1985); 42 Pa.C.S.A. §5524. Additionally, the Third Circuit has determined that the statute of limitations for a claim brought pursuant to 42 U.S.C. §1985(3) in Pennsylvania is also two years. Cito, 892 F.2d at 25. Therefore, any potential claims which accrued before January 9, 1999, are barred by the statute of limitations.

---

[1]Although it is not clear from the complaint, defendants have assumed for purposes of the motion to dismiss that Harris' purported claim for "violating a recognized public policy of protecting the right of freedom of speech, and in violation of whistle blowing legislation and Civil Rights laws protecting individuals from retaliation based on their complaints of discrimination"contained in paragraph 102 of the complaint is some sort of claim brought pursuant to 42 U.S.C. §1983.

A cause of action accrues in a federal case as soon as a potential plaintiff knows or has reason to know of the injury which is the basis of the claim. Keystone Insurance Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988); Mitchell v. Hendricks, 431 F.Supp. 1295 (E.D.Pa. 1977). "Where an employee claims he was wrongfully discharged, the cause of action accrues as of the date of discharge." Fraser v. Pa. State System of Higher Educ., 1993 WL 456505, *6 (E.D.Pa.), *citing* Rogers v. Mt. Union Borough by Zook, 816 F.Supp. 308, 317 (M.D.Pa. 1993). With respect to any §1983 or §1985(3) claim arising out of Harris' termination, her potential cause of action clearly accrued on December 11, 1998, the date she was discharged. Obviously, any claim she may be making for her treatment during her employment would have accrued even earlier.

Since any §1983 or §1985(3) claims Harris may have had accrued more than two (2) years before Harris filed her complaint, these claims are barred by the statute of limitations and should be dismissed as to all defendants.[2]

---

[2]Additionally, it should be noted that because Harris has failed to assert a claim pursuant to 42 U.S.C. §1983 upon which relief can be granted, she has, by definition, failed to assert a claim pursuant to 42 U.S.C. §1985(3) upon which relief can be granted. McHenry v. Pa. State System of Higher Education, 50 F.Supp 401, 418-19 (E.D.Pa. 1999).

**b. §1983 Claims against PBPP and the Individual Defendants in their Official Capacity.**

Harris has asserted her claims brought pursuant to 42 U.S.C. §1983 against PBPP and against the individual defendants in both their individual and official capacities. Harris' §1983 claims against PBPP and the individual defendants in their official capacities are barred by the Eleventh Amendment.

The Supreme Court of the United States has held that "States are not 'persons' within the meaning of §1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir., 1995), *citing* Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). Additionally, in Will, the Supreme Court specifically held that officials acting in their official capacity are not "persons" under §1983. Will, 491 U.S. at 71.

Given that the Commonwealth, its agencies and officials acting in their official capacity do not fall within the definition of "persons" for §1983 purposes and therefore cannot be sued pursuant to 42 U.S.C. §1983, Harris can prove no set of facts which would entitle him to relief against PBPP and the individual defendants in their official capacity. As a result, the complaint fails to state any claim pursuant to 42 U.S.C. §1983 upon which relief can be granted insofar as

Harris' claims are asserted against PBPP and the individual defendants in their official capacity. These claims, therefore, should be dismissed as to PBPP and the individual defendants in their official capacity.

### 6. HARRIS FAILS TO STATE A CLAIM FOR VIOLATION OF THE RIGHT-TO-KNOW ACT UPON WHICH RELIEF CAN BE GRANTED.

**a. Statute of Limitations.**

Harris asserts claims for violation of the Pennsylvania Worker and Community Right to Know Act ("Right to Know Act"), 35 P.S. §7301, *et seq.*, in Counts 6 and 9 of the complaint. These claims against both the PBPP and the individual defendants are barred by the statute of limitations.

A person is authorized under the Pennsylvania Worker and Community Right-to-Know Act, 35 P.S. §7301, *et seq.*, to file a complaint, within one hundred eighty (180) days, with the Department of Labor and Industry. 34 P.S. §321.2(a).

Additionally, a person may also bring a private right of action against their employer. 34 P.S. §321.8(b)(1). While there is no specific statute of limitations on private actions contained in the Right-to-Know Act, the General Assembly has specified that written notice of a claim against a Commonwealth agency must be filed with both the Commonwealth agency and the office of the Attorney General within six (6) months after the cause of action has accrued. 42 Pa.C.S.

§5521(a)(1). Failure to provide the requisite notice bars a plaintiff from pursuing the claim. 42 Pa.C.S. §5521(a)(2). Further, "[a]n action against any officer of any government unit for anything done in the execution of his office," except as elsewhere specified, must be commenced within six (6) months from the date it accrued. 42 Pa.C.S. §5521(b)(1).

Since Harris failed to file the requisite notice and failed to commence this action within six (6) months after her discharge, her claims are barred by the statute of limitations and should be dismissed.

**b. Damages Are Not Available.**

Harris also fails to state claims pursuant to the Right-to-Know Act because she requests the Court to award only damages. Under the statute, a court may not award damages in a private right of action brought pursuant to the Right-to-Know Act. 34 P.S. §321.8(b)(4). For this reason as well, Harris fails to state Right-to-Know Act claims upon which relief can be granted and these claims should be dismissed.

**7. HARRIS FAILS TO STATE CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON WHICH RELIEF CAN BE GRANTED.**

**a. Eleventh Amendment.**

Harris asserts a state law claim for intentional infliction of emotional distress and in Count 10 of the complaint. The Eleventh Amendment bars claims against the Commonwealth, its component agencies and employees in federal court, whether for damages or declaratory or injunctive relief. Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30 (1994); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); Alabama v. Pugh, 438 U.S. 781 (1978). While a state may consent to being sued in federal court, Pennsylvania has expressly withheld such consent. 42 Pa.C.S. §8521(b). As such, to the extent that Harris is asserting state law claims against the defendants, those claims are barred by the Eleventh Amendment and they should be dismissed.

**b. State Sovereign Immunity.**

Harris' state law claims are also barred by principles of state sovereign immunity. The Pennsylvania General Assembly has reaffirmed the principle of sovereign immunity as it applies to the Commonwealth and its employees in all cases except where a specific exemption is created. 1 Pa.C.S. §2310. The General Assembly has specifically identified nine limited exceptions to sovereign

immunity: (1) vehicles in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) the care, custody or control of personal property; (4) a dangerous condition of Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) the care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.

Since none of the exemptions apply to Harris' claims, the defendants are entitled to sovereign immunity and this claim should be dismissed.

**c. Statute of Limitations.**

Harris' claim for intentional infliction of emotional distress is also barred by the statute of limitations. The General Assembly has specified that written notice of a claim against a Commonwealth agency must be filed with both the Commonwealth agency and the office of the Attorney General within six (6) months after the cause of action has accrued. 42 Pa.C.S. §5521(a)(1). Failure to provide the requisite notice bars a plaintiff from pursuing the claim. 42 Pa.C.S. §5521(a)(2). Further, "[a]n action against any officer of any government unit for anything done in the execution of his office," except as elsewhere specified, must be commenced within six (6) months from the date it accrued. 42 Pa.C.S. §5521(b)(1).

Since Harris failed to file the requisite notice and failed to commence this action within six (6) months after her discharge, her claim is barred by the statute of limitations and should be dismissed.

**E. CONCLUSION**

For the foregoing reasons, the Court should dismiss the complaint in this action as to all of the defendants.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

**By:** Lisa W. Basial

**LISA W. BASIAL**
**Deputy Attorney General**
**I.D. #71554**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**COUNSEL FOR DEFENDANTS**

**Office of Attorney General**
**15th Fl., Strawberry Square**
**Litigation Section**
**Harrisburg, PA 17120**
**(717) 787-7157**

**Dated: September 5, 2001**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIANNA LYNN HARRIS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:CV-01-0270** |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

I, **LISA W. BASIAL**, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on **September 5, 2001**, I served a true and correct copy of the foregoing **Amended Brief in Support of Defendants' Motion to Dismiss the Complaint** by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

**Eugene Mattioni, Esquire**
**Joseph Bouvier, Esquire**
**Mattioni, LTD.**
**399 Market Street, 2nd Floor**
**Philadelphia, PA 19106**

Lisa W. Basial

**LISA W. BASIAL**
**Deputy Attorney General**