# ORIGINAL

MATTIONI, LTD.
BY:   EUGENE MATTIONI, ESQUIRE
      JOSEPH F. BOUVIER, ESQUIRE
      JOSH J.T. BYRNE, ESQUIRE
399 Market Street, 2nd Floor
Philadelphia, PA 19106
(215) 629-1600
Attorneys for Plaintiff Dianna Lynn Harris

RECEIVED

OCT 2 2 2001

OFFICE OF ATTORNEY GENERAL
LITIGATION SECTION

OFFICE OF ATTORNEY GENERAL
BY:   LISA W. BASIAL, DEPUTY ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-7157
Attorney for Defendants

FILED
HARRISBURG
OCT 2 5 2001
MARY E. ...
Per ...
CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNA LYNN HARRIS | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:01-CV-0270 |
| v. | : | (Judge Kane) |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al., | : | |
| | : | |
| Defendants | : | |
| | : | |

## JOINT CASE MANAGEMENT PLAN

1.    **Principal Issues**

      1.10    Separately for each party, please give a statement summarizing this case:

              By plaintiff:  Plaintiff is a former employee of defendant Parole Board, who

suffered from a pre-existing medical condition that caused her to suffer adverse medical reactions

when exposed to cigarette smoke.  Plaintiff complained about the smoke in defendant's Central

Office building (defendant permitted smoking in the building) and asked that defendant adhere to

the Commonwealth's anti-smoking rules and regulations by making the building "smoke-free."

This request was denied by defendants, as were other proposed accommodations subsequently

requested by plaintiff to alleviate her condition.

　　　　After she complained about the cigarette smoke in the building, plaintiff was subjected to

retaliation.  Instead of transferring her to a smoke-free building as she requested, defendant

transferred plaintiff against her will to defendant's Harrisburg District Office, a building with a

known air quality problem, which aggravated her medical condition and caused her to go out of

work.  In October, 1998, plaintiff had sufficiently recovered such that she wished to begin

working again, but she refused to return to work at the Harrisburg District Office until she was

given a copy of the Department of Health's air quality report for that building (a statutory right

under the Right to Know Act).  Defendants refused to supply a copy of the air quality report and

instead set up a Pre-Disciplinary Conference ("PDC") to take place at the Harrisburg District

Office building.  Plaintiff advised that she would not attend a PDC at that location, and asked to

meet with Board Chairman Ward to discuss alternatives for returning to work.  This request was

likewise denied, and defendant terminated plaintiff's employment on December 11, 1998.

　　　　Plaintiff seeks damages under federal and state statutes for, among other things,

discrimination against her on the basis of her disability, gender, age, and for retaliation against

her after she complained of the cigarette smoke in the building.

　　　　　　By defendants:   Defendants deny that plaintiff was subject to any discrimination

or retaliation.

U:\DOCS\B\Harris, D\joint case management plan.wpd

2

The principal factual issues that the parties

dispute are:

1.11   Whether defendants intentionally discriminated against plaintiff on the

basis of her disability, gender, or age.

1.12   Whether defendants retaliated against plaintiff after she complained about

the cigarette smoke in the building.

1.13   Whether the incidents occurred as set forth in Plaintiff's Complaint.

1.14   The extent of plaintiff's damages.

agree upon are:

1.20   Plaintiff began her employment with defendant Parole Board in or about

January, 1993.

1.21   Plaintiff was assigned to work at defendants' Central Office Building,

located at 3101 North Front Street, in or about May, 1995.

1.22   In or about November, 1997, plaintiff was transferred to defendant's

Harrisburg District Office, located at 1303 North Seventh Street.

1.23   By letter dated December 11, 1998, defendant Parole Board terminated

plaintiff's employment.

1.30   The principal legal issues that the parties

dispute are:

1.31   Whether defendants waived their Eleventh Amendment immunity by

removing this action to federal court.

1.32    Whether defendants violated plaintiff's rights under the Americans with

Disabilities Act.

1.33    Whether defendants violated plaintiff's rights under Title VII of the Civil

Rights Act or the Pennsylvania Human Relations Act.

1.34    Whether defendants wrongfully terminated plaintiff's employment.

1.35    Whether defendants violated plaintiff's rights under the Right to Know

Act.

1.36    Whether this Court has jurisdiction over all of plaintiff's claims.

1.37    Whether any of plaintiff's claims are barred by the Eleventh Amendment

or by state sovereign immunity.

1.38    Whether any of plaintiff's claims are barred by the statute of limitations.

agree upon are:

1.40    Federal and state law applies to this action.

1.41    Plaintiff falls within a protected classification under federal and state law

with regard to her gender and age.

1.50    Identify any unresolved issues as to service of process, personal jurisdiction,

subject matter jurisdiction, or venue:

There is an unresolved issue as to this Court's jurisdiction over the subject matter of

plaintiff's claims.  See Defendants' Motion to Dismiss plaintiff's response thereto.  In addition,

there are unresolved issues as to this Court's jurisdiction over the subject matter of plaintiff's

ADA and ADEA claims, as well as some of her state law claims.

1.60    Identify any named parties that have not yet been served:    None.

1.70    Identify any additional parties that:

plaintiff intends to join:          None anticipated.

defendants intend to join:      None anticipated.

1.80    Identify any additional claims that:

plaintiff intends to add:          None anticipated.

defendants intend to add:      None anticipated.

**2.0     Alternative Dispute Resolution ("ADR")**

2.10    Identify any ADR procedure to which this case has already been assigned or

which the parties have agreed to use.

ADR procedure _____

Date ADR to be commenced _____

Date ADR to be completed _____

2.20    If the parties have been unable to agree on an ADR procedure, but one or more

parties believes that the case is appropriate for such a procedure, identify the party

or parties that recommend ADR and the specific ADR process recommended:

The parties are willing to submit this case to a Magistrate Judge for a settlement

conference when initial written discovery and depositions of parties are completed.

2.30    If all parties share the view that no ADR procedure should be used in this case, set

forth the basis for that view:

**3.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: _____ Y    _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton

_____ Wilkes-Barre

_____ Harrisburg

**4.0    Disclosures**

4.100    Separately for each party, list by name and title/position each person whose identity has been disclosed.

    4.101    Disclosed by Plaintiff:        97 potential witnesses have been disclosed.

    4.151    Disclosed by Defendants:    None to date.

4.200    Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201    Categories of documents disclosed by plaintiff:

        4.202    Records pertaining to employment history

        4.203    Records pertaining to complaints by plaintiff and others as to cigarette smoke in building

4.204   Records pertaining to complaints by plaintiff and others as to unhealthy air in office building

4.205   Records pertaining to studies confirming unhealthy air

4.206   Records pertaining to Commonwealth policies on smoking

4.207   Medical records of plaintiff

4.208   EEOC documentation

4.251   Categories of documents disclosed by defendants:    None to date.

4.252

4.253

4.254

4.255

4.300   Additional Documents Disclosures: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301   Additional categories of documents plaintiff will disclose: Plaintiff's wage and earnings records.

4.351   Additional categories of documents defendants will disclose:

4.352   Plaintiff's personnel records

4.353   Defendant's internal investigation, if any

4.354   Defendant's policies regarding matters at issue

4.400   Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

U:\DOCS\jtb\Harris, D\joint case management plan.wpd

4.401  Plaintiff's calculation of damages:

Past wage loss is approximately $13,000 (no employment from

12/11/98-9/99).  Thereafter, no continuing wage loss, but

employment benefits are much less.  Plaintiff intends to present

evidence as to the value of the loss of benefits.

4.402  Defendants' calculation of offset:  Offset for any wages and other

benefits.

4.403  Counter claimant/third party claimant's calculation of damages:

N/A

## 5.0    Motions

Identify any motion(s) whose early resolution would likely have a significant effect either

on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss | Defendants | Filed 8/13/01 |
| Motion for Summary Judgment | Defendants | 30 days after completion of discovery |

## 6.0    Discovery

6.100  Briefly describe any discovery that has been completed or is in progress:

By plaintiff:    Self-disclosures provided.

By defendants:   None to date.

6.200  Describe any discovery that all parties agree should be conducted, indicating for

each discovery undertaking its purpose or what kinds of information will be

developed through it: Both parties will serve Interrogatories and a Request for Production of Documents. Defendant will take the deposition of plaintiff and plaintiff's medical providers. Plaintiff will take the depositions of each of the individual defendants. Both parties may take additional depositions thereafter.

6.300   Describe any discovery that one or more parties wants to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:   None anticipated at this time.

6.400   Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:     Given the likely impact on the scope of discovery by the Court's decisions on Defendants' Motion to Dismiss, the parties would like to begin discovery after resolution of the Motion to Dismiss.

6.500   For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff and by defendants:

6.501   depositions (excluding experts) to be taken by:

plaintiff: __10__          defendants: __10__

6.502   interrogatories to be served by:

plaintiff: __25__          defendants: __25__

6.503  document production requests to be served by:

plaintiff: _30_        defendants: _30_

6.504  requests for admission to be served by:

plaintiff: _50_        defendants: _50_

6.600  All discovery commenced in time to be completed by:    Six months after decision

on Defendants' Motion to Dismiss

6.700  Reports from retained experts due:

from plaintiff by:          One month after close of discovery

from defendants by:          Two months after close of discovery

6.800  Supplementations due:    15 days after defendants' expert reports due

**7.0    Protective Order**

7.1    If entry of a protective order is sought, attach to this statement a copy of the

proposed order.

7.2    If there is a dispute about whether a protective order should be entered, or about

certain terms of the proposed order, briefly summarize each party's position

below:

**8.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Eugene Mattioni, Esquire/Joseph F. Bouvier, Esquire
Mattioni, Ltd.
399 Market Street, 2nd Floor
Philadelphia, PA 19106
(215) 629-1600
Attorney for Plaintiff

Louis J. Rovelli, Esquire                 and        Robert Campalongo, Chief Counsel
Executive Deputy Attorney General                    PA Board of Probation and Parole
Office of Attorney General                           1101 S. Front Street
15th Floor, Strawberry Square                        Harrisburg, PA 17104
Harrisburg, PA 17120                                 (717) 787-8126
(717) 787-7157
Attorney for Defendants

**9.0    Scheduling**

    9.1    This case may be appropriate for trial in approximately:

        _____ 240 days from the filing of the action in this court

        _____ 365 days from the filing of the action in this court

        _16_ months from the filing of the action in this court

    9.2    Suggested Date for Trial: June, 2002

    9.3    Suggested Date for the final Pretrial Conference: May, 2002

    9.4    Final date for joining additional parties:

        Plaintiff:       60 days before close of discovery

        Defendants:      60 days before close of discovery

    9.5    Final date for amending pleadings:

        Plaintiff:       60 days before close of discovery

        Defendants:      60 days before close of discovery

    9/6    All potentially dispositive motions should be filed by:   30 days after close of

        discovery

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that

may be useful or necessary to the efficient and just resolution of the dispute.

U:\DOCS\jdb\Harris, D\joint case management plan.wpd

**11.0    Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party.

Eugene Mattioni, Esquire
Mattioni, Ltd.
399 Market Street, 2nd Floor
Philadelphia, PA 19106
(215) 629-1600
Attorney for Plaintiff

Lisa W. Basial, Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Attorney for Defendants

Dated: 10/19/01

EUGENE MATTIONI, ESQUIRE
JOSEPH F. BOUVIER, ESQUIRE
Attorneys for Plaintiff Dianna Lynn Harris

Dated: 10/25/01

LISA W. BASIAL, DEPUTY ATTORNEY GENERAL
Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIANNA LYNN HARRIS,       :
              Plaintiff    :
                        :    No. 1:01-CV-0270
    v.                 :
                        :    (Judge Kane)
PENNSYLVANIA BOARD OF      :
PROBATION AND PAROLE, et al.,  :
            Defendants  :

## CERTIFICATE OF SERVICE

I, Lisa W. Basial, Deputy Attorney General for the Commonwealth of

Pennsylvania, hereby certify that on October 25, 2001, I served a true and correct copy of the

foregoing Joint Case Management Plan, by causing it to be deposited in the United States Mail,

first-class postage prepaid to the following:


**Eugene Mattioni, Esquire**
**Joseph Bouvier, Esquire**
**Mattioni, LTD**
**399 Market Street, 2nd Floor**
**Philadelphia, PA 19106**

 

*Lisa W. Basial*
_____
**LISA W. BASIAL**
**Deputy Attorney General**