● **ORIGINAL** ●

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA LYNN HARRIS, : | |
|         Plaintiff : | |
| : | No. 1:CV-01-0270 |
| v. : | (Judge Kane) |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, : | |
| et al., : | |
|         Defendants : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT**

**A. STATEMENT OF THE CASE**

On January 9, 2001, the plaintiff, Dianna Lynn Harris ("Harris"), filed her complaint in the Court of Common Pleas for Dauphin County. In her complaint, Harris alleges violations of the following federal and state statutes: the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*; Title VII of the Civil Rights Act, 42 U.S.C. §2000e-1, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. §623, *et seq.*; 42 U.S.C. §1983; 42 U.S.C. §1985; the Pennsylvania Human Relations Act, 63 P.S. §955, *et seq.*; and the Pennsylvania Worker and Community Right-to-Know Act, 35 P.S. §7301, *et seq.* Harris also asserts a state law claim for intentional infliction of emotional distress and a claim for "violating a recognized public policy of protecting the right of freedom of speech, and in

violation of whistle blowing legislation and Civil Rights laws protecting individuals from retaliation based on their complaints of discrimination." Complaint, ¶102. Harris names as defendants the Pennsylvania Board of Probation and Parole ("PBPP"), William Ward, Mike Neumyer, Gary Scicchitano, Ladelle Ingram, Robert Yerger, David Payton and Linwood Fielder. The individual defendants are sued in both their official and individual capacities and all claims are asserted against all defendants.

All defendants have moved to dismiss the complaint. Plaintiff has filed a brief and documents in opposition. This is defendants' reply brief.

## B. STATEMENT OF FACTS

Harris was employed by PBPP as a Clerk Stenographer from January 1993 through December 1998. Harris alleges various problems with her work conditions, specifically exposure to smoke in her work area, and the non-responsiveness of the defendants to her numerous complaints. Harris asserts that she was discriminated against because of her sensitivity to the smoke and because of her gender and age. Harris also alleges that she was subjected to various acts of retaliation for her complaints about the smoke in her work areas. She was ultimately terminated on December 11, 1998. Complaint, ¶51.

Harris filed a charge with the Equal Employment Opportunity Commission

on October 8, 1999. Complaint, ¶52. Her charge was cross filed with the Pennsylvania Human Relations Commission. *Id.* Harris filed her complaint in the Dauphin County Court of Common Pleas on January 9, 2001.

## C. QUESTIONS PRESENTED

1. WHETHER HARRIS' COMPLAINT FAILS TO STATE TITLE VII AND PHRA CLAIMS UPON WHICH RELIEF CAN BE GRANTED?

2. WHETHER HARRIS FAILS TO STATE A CLAIM FOR VIOLATION OF THE RIGHT-TO-KNOW ACT UPON WHICH RELIEF CAN BE GRANTED?

3. WHETHER HARRIS FAILS TO STATE ADA AND ADEA CLAIMS UPON WHICH RELIEF CAN BE GRANTED?

4. WHETHER HARRIS' REMAINING CLAIMS SHOULD BE DISMISSED WHERE SHE HAS INDICATED THAT THEY ARE WITHDRAWN?

5. WHETHER DEFENDANTS HAVE WAIVED THEIR ELEVENTH AMENDMENT IMMUNITY?

## D. ARGUMENT

### 1. HARRIS' COMPLAINT FAILS TO STATE TITLE VII AND PHRA CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

**a. Statute of Limitations.**

Harris asserts claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e-1, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 63 P.S. §955, *et seq.* ("PHRA"). Harris is barred from pursuing these claims because she failed to timely file an administrative charge.

Harris was required to file her charge regarding alleged violations of Title VII with the Equal Employment Opportunity Commission ("EEOC") "within 300 days from the alleged violation." 29 CFR Part 1601, §1601.13(a)(4)(ii)(A). Harris was required to file her charge regarding alleged violations of the PHRA with the Pennsylvania Human Relations Commission ("PHRC") "within one hundred eighty days after the alleged act of discrimination." 42 P.S. §959(h). Harris was terminated on December 11, 1998. Complaint, ¶51. She filed a charge with the EEOC, which was cross-filed with the PHRC, on October 8, 1999, Complaint, ¶52, more than three hundred (300) days after her termination.

In her brief, Harris attempts to introduce new, unverified facts in an attempt to fend off defendants' motion to dismiss. However, "[i]t is well-settled that in

4

deciding a motion to dismiss, courts generally may consider only allegations contained in the complaint, exhibits attached thereto, and matters of public record." Beverly Enterprises, Inc. v. Trump, 182 F.3d 183, 190 n. 3 (3d Cir. 1999), *citing* Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, "a court may consider an undisputedly authentic document that the defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id*. If the Court considers evidence submitted by defendants in support of a motion to dismiss, the Court must then convert the motion to one for summary judgment. Fed. R. Civ. P. 12(b). However, that is not the case here.

Here, it is the plaintiff, who is represented by counsel, that is attempting to introduce evidence outside of the pleadings. "Although the pleadings of pro se litigants are 'evaluated under less stringent standards than are the formal pleadings of lawyers,'" Flanagan v. Shively, 783 F.Supp. 922, 937 (M.D.Pa. 1992), *quoting* Thomas v. Taylor, 138 F.R.D. 614, 617 (S.D.Ga. 1991), even "a pro se plaintiff filing a complaint must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure." Smith v. Social Security Admin., 54 F.Supp.2d 451, 454 (E.D.Pa. 1999), *citing* McNeil v. United States, 508 U.S. 106 113 (1993). Clearly, at least the same is required of a

plaintiff represented by counsel.

Because the allegations in Harris' complaint demonstrate that she failed to timely file her charge with the EEOC or the PHRC, "it is clear that no relief could be granted under any set of facts consistent with the allegations" and these claims should be dismissed. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**b. Title VII Claims against the Individual Defendants.**

In her brief, Harris acknowledges that the Third Circuit has held that individuals may not be held liable under Title VII. Nevertheless, she invites the Court to disregard this binding precedent and permit these claims to go forward. Harris' urging the Court to disregard directly applicable Third Circuit precedent is anathema to the federal judicial system. "[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of [the Supreme] Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." Hutto v. Davis, 454 U.S. 370, 375 (1982)(per curiam).

Harris fails to state a Title VII claim against the individual defendants upon which relief can be granted and these claims should be dismissed as to the individual defendants.

6

## 2. HARRIS FAILS TO STATE A CLAIM FOR VIOLATION OF THE RIGHT-TO-KNOW ACT UPON WHICH RELIEF CAN BE GRANTED.

**a. Statute of Limitations.**

Harris asserts claims for violation of the Pennsylvania Worker and Community Right to Know Act ("Right to Know Act"), 35 P.S. §7301, *et seq.* It is clear from the face of the complaint that these claims against both the PBPP and the individual defendants are barred by the statute of limitations.

In her brief, Harris again attempts to introduce new, unverified facts which are not included in her complaint. "It is well-settled that in deciding a motion to dismiss, courts generally may consider only allegations contained in the complaint, exhibits attached thereto, and matters of public record." Beverly Enterprises, Inc. v. Trump, 182 F.3d 183, 190 n. 3 (3d Cir. 1999), *citing* Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, "a court may consider an undisputedly authentic document that the defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* If the Court considers evidence submitted by defendants in support of a motion to dismiss, the Court must then convert the motion to one for summary judgment. Fed. R. Civ. P. 12(b). However, that is not the case here.

Here, it is the plaintiff, who is represented by counsel, that is attempting to introduce evidence outside of the pleadings. "Although the pleadings of pro se litigants are 'evaluated under less stringent standards than are the formal pleadings of lawyers,'" Flanagan v. Shively, 783 F.Supp. 922, 937 (M.D.Pa. 1992), *quoting* Thomas v. Taylor, 138 F.R.D. 614, 617 (S.D.Ga. 1991), even "a pro se plaintiff filing a complaint must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure." Smith v. Social Security Admin., 54 F.Supp.2d 451, 454 (E.D.Pa. 1999), *citing* McNeil v. United States, 508 U.S. 106 113 (1993). Clearly the same is required of a plaintiff represented by counsel.

Because it is clear from the face of the complaint that Harris failed to timely file the requisite notice and failed to commence this action within six (6) months after her discharge, "it is clear that no relief could be granted under any set of facts consistent with the allegations" in the complaint and these claims should be dismissed. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**b. Damages Are Not Available.**

In her brief, Harris did not respond to defendants argument that she fails to state claims pursuant to the Right-to-Know Act because she requests the Court to award only damages. This portion of defendants' motion should be deemed

8

unopposed and granted by the Court.

### 3. HARRIS FAILS TO STATE ADA AND ADEA CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

As discussed in defendants' original brief, The Supreme Court of the United States held that Congress did not validly abrogate the state's Eleventh Amendment immunity in enacting the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§623 *et seq.* Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2001); Kimel v. Fl. Bd. of Regents, 528 U.S. 62 (2000). As discussed, *infra*, "unless we wish anarchy to prevail within the federal judicial system, a precedent of [the Supreme] Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." Hutto v. Davis, 454 U.S. 370, 375 (1982)(per curiam).

The Supreme Court of the United States has held that the Eleventh Amendment bars Harris' ADA and ADEA claims, and the Court should dismiss them.

### 4. HARRIS' REMAINING CLAIMS SHOULD BE DISMISSED WHERE SHE HAS INDICATED THAT THEY ARE WITHDRAWN.

In her brief, Harris expressly withdraws her claims brought pursuant to 42 U.S.C. §§1983 and 1985, as well as her claim for intentional infliction of emotional distress. Since Harris has expressed to the Court that she is no longer interested in pursuing these claims, they should be dismissed.

### 5. DEFENDANTS HAVE NOT WAIVED THEIR ELEVENTH AMENDMENT IMMUNITY.

Finally, Harris asserts that the removal of a case to federal court essentially amounts to a "waiver" of a State's Eleventh Amendment immunity protection. Harris Brief, pp. 4-5. This argument is without merit because Eleventh Amendment immunity cannot be waived without the explicit approval of the General Assembly. *See* <u>Welch v. Texas Dep't of Highways and Pub. Transp.</u>, 483 U.S. 468 (1987). Nor does the Attorney General have the authority to waive Eleventh Amendment immunity on behalf of a state without explicit authority from the legislature. <u>Ford Motor Co. v. Department of Treasury</u>, 323 U.S. 459 (1945).

Harris next advances the theory that because defendants explicitly stated in their removal petition that they were not waiving any defenses or claims of

immunity, privilege or other defenses in removing the case, instead of remaining silent on this issue, this case is somehow distinguishable from the Supreme Court's binding decision in <u>Wisconsin Department of Corrections v. Schacht</u>, 524 U.S. 381 (1998). Harris seems to be suggesting that if the defendants obfiscated their intention to assert the immunity to which they are entitled, they would be able to retain their immunity, but since they were forthright, they have waived it. This is nonsensical. In <u>Schacht</u>, the Supreme Court held:

> We repeat our conclusion: A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims . . . A federal court can proceed to hear those other claims. 524 U.S. at 393-94.

There is no basis for a different result in this case. Justice Kennedy's concurring opinion in <u>Schacht</u> notwithstanding, there is no authority to support Harris' claim that defendants waived their Eleventh Amendment immunity and the Court should so find.

## E. CONCLUSION

For the foregoing reasons, as well as those detailed in defendants' original brief, the Court should dismiss the complaint in this action as to all of the defendants.

                               **Respectfully submitted,**

                               **D. MICHAEL FISHER**
                               **Attorney General**

By: *Lisa W. Basial*
                               **LISA W. BASIAL**
                               **Deputy Attorney General**
                               **I.D. #71554**

                               **SUSAN J. FORNEY**
                               **Chief Deputy Attorney General**
                               **Chief, Litigation Section**

                               **COUNSEL FOR DEFENDANTS**

Office of Attorney General
15th Fl., Strawberry Square
Litigation Section
Harrisburg, PA 17120
(717) 787-7157

Dated: October 26, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA LYNN HARRIS, : | |
| Plaintiff : | |
| : | No. 1:CV-01-0270 |
| v. : | (Judge Kane) |
| : | |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, : | |
| et al., : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, **LISA W. BASIAL**, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on **October 26, 2001**, I served a true and correct copy of the foregoing **Reply Brief in Support of Defendants' Motion to Dismiss the Complaint** by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

> Eugene Mattioni, Esquire
> Joseph Bouvier, Esquire
> Josh J.T. Byrne, Esquire
> Mattioni, LTD.
> 399 Market Street, 2nd Floor
> Philadelphia, PA 19106

*/s/ Lisa W. Basial*
**LISA W. BASIAL**
**Deputy Attorney General**