**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNA LYNN HARRIS | : | |
| Plaintiff | : | CIVIL ACTION NO. CV-01-0270 |
| v. | : | (Judge Kane) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al., | : | |
| Defendants | : | |

FILED
HARRISBURG
MAR 0 7 2002
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND TO EXTEND THE DISCOVERY DEADLINE

Eugene Mattioni, Esquire and Joseph F. Bouvier, Esquire, of the law firm of Mattioni, Ltd., counsel for plaintiff Dianna Lynn Harris, hereby move this Court for leave for the law firm of Mattioni, Ltd. to withdraw as counsel for plaintiff in the above matter and to extend the discovery deadline. In support of this Motion, counsel states as follows:

1. This discrimination case arises from plaintiff's complaints that she suffered injury as a result of defendant Pennsylvania Board of Probation and Parole's policies permitting smoking in the building where plaintiff, a Parole Board employee, worked. Plaintiff alleges that she then experienced harassment and retaliation when she complained about the cigarette smoke and requested an accommodation. The defendants deny any wrongdoing.

2. Undersigned counsel has represented plaintiff in this matter pursuant to a contingency fee agreement, whereby counsel is responsible for advancing the costs of litigation.

3. Documents exchanged by both sides in discovery were voluminous. Counsel for both parties began exploratory discussions in late 2001 to see whether this case might possibly be

resolved on an amicable basis before the parties were forced to expend great amounts of time and money in conducting additional pre-trial discovery. Plaintiff and plaintiff's counsel, however, were far apart on what each felt would be a reasonable sum for settling the case. Plaintiff, moreover, indicated that she was not inclined to settle at all, since the defendants would likely insist upon language in a release which stated that defendants were not admitting to any guilt or liability, and plaintiff feels strongly that there should be an acknowledgment of wrongdoing by the defendants.

4. Undersigned counsel discussed with plaintiff the merits of the case and the likely cost of additional litigation on a number of occasions thereafter in an attempt to convince her to accept the idea of a settlement. Plaintiff's counsel advised that these types of cases are difficult to win for plaintiffs, and that the litigation costs and value of the time required to litigate the case would likely far surpass any potential recovery, therefore, in counsel's opinion, a trial in this case was not economically justified. Plaintiff did not change her position with regard to settlement.

5. In late December, 2001 and early January, 2002, we specifically advised plaintiff that we did not wish to commit our firm's resources to a trial in her case and intended to petition the Court to withdraw as counsel if plaintiff demanded to go to trial. We suggested to plaintiff that she seek representation from another attorney to take over the handling of her case. When plaintiff later advised that she was having difficulty finding another lawyer, counsel provided the names and telephone numbers of several employment law practitioners, but, to date, plaintiff has been unable to secure the services of another attorney to represent her in this case.

6. Plaintiff has advised that she understands the position of the firm and does not want Mattioni, Ltd. to be forced against its will to continue its representation of her in this case.

She indicated to counsel that she would not oppose the present Motion to Withdraw as Counsel, but asked that we request that the discovery deadline be extended so that she may have additional time to find a lawyer and for the lawyer to review the file and conduct additional necessary discovery. The present discovery end date is March 15, 2002, and trial has been set for August 5, 2002.

7. Undersigned counsel has also spoken with counsel for defendants to advise of the situation. Counsel for defendants states that she, too, does not object to the present motion to withdraw as counsel, and joins in the request for an extension of the discovery deadlines in the case. Defense counsel also requests that the case not be listed for trial in November, 2002, as she has another trial and a vacation planned for that month.

8. Good cause exists to permit Mattioni, Ltd. to withdraw as counsel for plaintiff in this case. The attorney-client relationship has irretrievably broken down, as plaintiff will not heed counsel's advice with regard to the desirability of exploring settlement of her case. Counsel estimates that proceeding to trial in this matter will cost between $10,000-$20,000 in litigation expenses, and will cost an additional $100,000-$150,000, or more, in attorney time. Counsel should not be required to devote the law firm's substantial time and money to proceed to trial, where counsel feels such expenditures will not be cost-productive and where counsel feels it would be in plaintiff's best interests to try to resolve the case via settlement. Moreover, plaintiff's interests should not be prejudiced if counsel withdraws from the case, because, if the discovery deadlines are extended, plaintiff will have ample time to find another attorney to represent her at trial. Finally, plaintiff herself consents to counsel being permitted to withdraw from this case.

WHEREFORE, undersigned counsel respectfully requests that this Court grant leave for Mattioni, Ltd. to withdraw as plaintiff's counsel in this matter and to extend the discovery deadlines and other scheduled dates in this case.

          MATTIONI, LTD.

Dated: 3/6/02

BY: _____
EUGENE MATTIONI, ESQUIRE
JOSEPH F. BOUVIER, ESQUIRE
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIANNA LYNN HARRIS                          :
                                            :
            Plaintiff                       :     CIVIL ACTION NO. CV-01-0270
     v.                                     :     (Judge Kane)
                                            :
PENNSYLVANIA BOARD OF                       :
PROBATION AND PAROLE, et al.,               :
                                            :
            Defendants                      :
                                            :

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW
AS PLAINTIFF'S COUNSEL AND TO EXTEND DISCOVERY DEADLINE**

I.   **FACTUAL BACKGROUND**

This case arises from complaints by plaintiff, a former employee of defendant Pennsylvania Board of Probation and Parole, that defendant's policy permitting smoking in the building where plaintiff worked aggravated a pre-existing medical condition and caused her injury. Plaintiff alleges that she then experienced harassment and retaliation when she complained about the cigarette smoke and requested an accommodation. The defendants deny any wrongdoing.

Undersigned counsel has represented plaintiff in this matter pursuant to a contingency fee agreement, whereby counsel is responsible for advancing the costs of litigation.

Documents exchanged by both sides in discovery were voluminous. Counsel for both parties began exploratory discussions in late 2001 to see whether this case might possibly be resolved on an amicable basis before the parties were forced to expend great amounts of time and money in conducting additional pre-trial discovery. Plaintiff and counsel, however, were far

apart on what each felt would be a reasonable sum for settling the case. Plaintiff, moreover, indicated that she was not inclined to settle at all, since the defendants would likely insist upon language in a release which stated that defendants were not admitting to any guilt or liability, and plaintiff feels strongly that there should be an acknowledgment of wrongdoing by the defendants.

Undersigned counsel discussed with plaintiff the merits of the case and the likely cost of additional litigation on a number of occasions thereafter in an attempt to convince her to accept the idea of a settlement. Plaintiff's counsel advised that these types of cases are difficult to win for plaintiffs, and that the litigation costs and value of the time required to litigate the case would likely far surpass any potential recovery, therefore, in counsel's opinion, a trial in this case was not economically justified. Plaintiff did not change her position with regard to settlement.

In late December, 2001 and early January, 2002, counsel specifically advised plaintiff that they did not wish to commit the firm's resources to a trial in her case and intended to petition the Court to withdraw as counsel if plaintiff demanded to go to trial. Counsel recommended that plaintiff seek representation from another attorney to take over the handling of her case. When plaintiff was having difficulty finding a lawyer, counsel provided the names and telephone numbers of several employment law practitioners, but, to date, plaintiff has been unable to secure the services of another attorney to represent her in this case.

Plaintiff has advised that she understands the position of counsel and does not want Mattioni, Ltd. to be forced against its will to continue its representation of her in this case. She indicated to counsel that she would not oppose the present Motion to Withdraw as Counsel, but asked that counsel request that the discovery deadline be extended so that she may have

additional time to find a lawyer and for the lawyer to review the file and conduct additional necessary discovery.

Undersigned counsel has also spoken with counsel for defendants to advise of the situation. Counsel for defendants also advises that she does not object to the present motion to withdraw as counsel, and joins in the request for an extension of the discovery deadlines in the case. Defense counsel also requests that the case not be listed for trial in November, 2002, as she has another trial and a vacation planned for that month.

## II. LEGAL ARGUMENT

Local Civil Rule 83.15 governs an attorney's ability to withdraw as counsel in a case, stating, "Appearance of counsel shall not be withdrawn except by leave of court. The court may refuse to approve withdrawal . . . The court may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance."

Thus, an attorney may withdraw as counsel when the Court grants such request upon motion. The decision to grant a motion to withdraw as counsel rests within the trial court's discretion. Bayges v. Southeastern Pennsylvania Transp. Authority, 887 F. Supp. 108 (E.D. Pa. 1995). Courts have recognized that withdrawal is appropriate for reasonable cause and upon reasonable notice. Novinger v. E.I. DuPont de Nemours & Co., 809 F.2d 212 (3rd Cir. 1987), cert. denied, 481 U.S. 1069. Thus, in Wolgin v. Smith, 1996 U.S. Dist. LEXIS 12437 (E.D. Pa. Aug. 21, 1996), the Court permitted counsel's withdrawal where it was determined that the lawyer-client relationship had irretrievably broken down due to significant disagreements and accusations between counsel and the defendant.

The Court in <u>Taylor v. Stewart</u>, 20 F. Supp. 882 (E.D. Pa. 1998) stated that four factors must be weighed in ruling on a motion to withdraw as counsel: (1) the reason for which the withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action.

Here, one of the reasons for the withdrawal is due to financial considerations. Plaintiff's counsel simply believes that the necessary expenditure of an amount likely to be well in excess of $100,000 in this case (in money and time) is not justified, given the likelihood of winning at trial and the amount of the likely recovery if plaintiff is to prevail in her action. And, while counsel recognizes that they can petition for attorney's fees and litigation costs if plaintiff prevails, this does not increase the odds of winning at trial, and there is a substantial risk of losing at trial and recovering nothing. In addition, counsel feels that plaintiff's position with regard to the idea of settlement is unreasonable and thus cannot be adequately assured that plaintiff would work with counsel in a reasonable manner if required to proceed to trial.

Counsel also hopes that plaintiff will not be prejudiced at all if the withdrawal is granted. Although plaintiff's case will obviously be adversely affected if plaintiff cannot find another attorney (she has indicated that she will proceed <u>pro se</u> even if she is unable to retain another lawyer), counsel believes plaintiff will be able to find an attorney willing to take the case and proceed on her behalf. In such case, permitting the requested withdrawal of undersigned counsel will not interfere with the administration of justice. Moreover, extending the discovery deadlines by four months will not significantly delay the trial of this case.

In addition to the above four factors, the <u>Taylor</u> court also considered the Pennsylvania Rules of Professional Conduct ("RPC") pertaining to withdrawal from representation.

RPC 1.16(b) provides, in pertinent part:

> [A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> *   *   *
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client . . .

Counsel believes that good cause exists to permit Mattioni, Ltd. to withdraw as counsel for plaintiff in this case. The attorney-client relationship has irretrievably broken down, as plaintiff will not heed counsel's advice with regard to the desirability of exploring settlement. Counsel's ability to adequately represent plaintiff has therefore been made substantially more difficult. Counsel further estimates that proceeding to trial in this matter will cost between $10,000-$20,000 in litigation expenses, and will cost an additional $100,000-$150,000, or more, in attorney time. Such hours and expenses may never be reimbursed in this contingency fee case, since plaintiff may not prevail at trial. This will impose an unreasonable financial burden on counsel and their firm. Counsel further should not be required to devote the law firm's substantial time and money to proceed to trial, where counsel feels such expenditures will not be cost-productive and where counsel feels it would be in plaintiff's best interests to try to resolve the case via settlement.

Plaintiff's interests, meanwhile, should not be prejudiced if counsel withdraws from the case, because, if the discovery deadlines are extended, plaintiff will have ample time to find another attorney to represent her at trial.

Finally, plaintiff herself consents to counsel being permitted to withdraw from this case and presumably will file no objection to such request. In fact, requiring the firm of Mattioni, Ltd. to continue its representation of plaintiff and to proceed to trial would be against the express wishes of plaintiff.

### III. CONCLUSION

For the foregoing reasons, counsel for plaintiff respectfully requests leave from this Court to withdraw from representing plaintiff any further in this matter and also requests that the Court grant a four-month extension of the discovery deadline and all other scheduled case management dates previously set by the Court.

MATTIONI, LTD.

BY: _____
EUGENE MATTIONI, ESQUIRE
JOSEPH F. BOUVIER, ESQUIRE
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, JOSEPH F. BOUVIER, ESQUIRE, hereby certify that a true and correct copy of the within Motion for Leave to Withdraw as Plaintiff's Counsel and to Extend Discovery Deadlines, with Supporting Brief, was mailed via first class mail, postage prepaid on March 6, 2002 to the following attorney:

> Lisa W. Basial, Deputy Attorney General
> Office of the Attorney General of PA
> 15th Floor, Strawberry Square
> Harrisburg, PA 17120

and by Certified Mail, Return Receipt Requested, and first class mail, postage prepaid, on the above date to:

> Dianna Lynn Harris
> 2329 Penn Street
> Harrisburg, PA 17110

_____
JOSEPH F. BOUVIER

F:\DOCS\jfb\Harris, D motion-withdraw.wpd