2 Cr

39
7/1/02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIANNA LYNN HARRIS,      :
           **Plaintiff**   :
                       :     **No. 1:CV-01-0270**
   **v.**              :     **(Judge Kane)**
                       :
PENNSYLVANIA BOARD OF   :
PROBATION AND PAROLE,   :
et al.,                    :
          **Defendants** :

FILED
(HARRISBURG, PA

JUN 2 8 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

The plaintiff, Dianna Lynn Harris ("Harris"), filed her complaint, in which she asserts various state and federal claims, in the Court of Common Pleas for Dauphin County. Defendants removed the case to federal court and filed a motion to dismiss the complaint. That motion is fully briefed and pending before the Court. This supplemental brief is filed at the Court's direction to address the impact of the decisions of the Supreme Court of the United States in <u>Lapides v. Board of Regents of the University System of Georgia</u>, ___ U.S. ___, 122 S.Ct. 1640 (2002), and <u>Edelman v. Lynchburg College</u>, ___ U.S. ___, 122 S.Ct. 1145 (2002), on the pending motion to dismiss. As discussed *infra*, defendants believe that these decisions have no substantive impact. Additionally, defendants have realized an error in their original and reply briefs and will correct it here.

## A. The <u>Lapides</u> Decision.

In <u>Lapides</u>, the Supreme Court held that a State's removal of an action to federal court amounts to a waiver of Eleventh Amendment immunity as to only "state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." 122 S.Ct. at 1642-43.

In this case, Harris has asserted three categories of state-law claims: (1) PHRA claims in Counts 1, 2, 3, 4 and 5 of the complaint; (2) claims for violation of the Pennsylvania Worker and Community Right to Know Act ("Right to KnowAct"), 35 P.S. §7301, *et seq*. in Counts 6 and 9 of the complaint; and (3) a claim for intentional infliction of emotional distress in Count 10 of the complaint.

In the motion to dismiss, defendants did not assert Eleventh Amendment immunity with respect to the PHRA claims and the claims for violation of the Right to Know Act. As a result, the <u>Lapides</u> decision does not affect the Court's decision on those claims.

With respect to the intentional infliction of emotional distress claim, defendants did assert Eleventh Amendment immunity to this claim, but also asserted State sovereign immunity because the Commonwealth of Pennsylvania

has not waived it with respect to this claim.  *See* Defendants' Original Brief[1], pp.

11-12.  Since the <u>Lapides</u> decision is limited to claims for which the State has

already waived State sovereign immunity, it is equally inapplicable to the Court's

decision on this claim.

## B.  The Statute of Limitations with Respect to Harris' Title VII and PHRA Claims.

Defendants previously overlooked the allegation in Harris' complaint that

she filed a charge regarding her November 3, 1997, transfer by defendant Mike

Neumyer with the Pennsylvania Human Relations Commission ("PHRC") on

January 13, 1998.  Complaint, ¶40.  Defendants must concede that her Title VII

and PHRA claims with respect to this transfer are not barred by the statute of

limitations.  However, as to Harris' other Title VII and PHRA claims, it is still the

position of defendants that they are barred by the statute of limitations.

"The jurisdictional prerequisites to a suit under Title VII are the filing of

charges with the EEOC and the receipt of the Commission's statutory notice of the

right to sue."  <u>Ostapowicz v. Johnson Bronze Co.</u>, 541 F.2d 394, 398 (3d Cir.

1976), *rehearing denied*, 429 U.S. 1041, *citing* <u>McDonnell Douglas Corp. v.</u>

<u>Green</u>, 411 U.S. 792 (1973).  Additionally, "the aggrieved person is not permitted

---

[1]"Defendants' Original Brief" refers to the Brief in Support of Defendants' Motion to Dismiss the Complaint.

to bypass the administrative process" and "there must be some limitation on suits in the district court so that the Commission will have the first opportunity to examine the allegations of discrimination. Ostapowicz, 541 F.2d at 398.

To the extent that Harris is asserting Title VII and PHRA claims regarding incidents which predate the January 13, 1998, filing of a charge with the PHRC, those claims are barred by the statute of limitations because they were not included in Harris' January 13, 1998, charge and her October 8, 1999, charge was untimely with respect to anything that occurred before January 13,1998. Additionally, Harris' complaint was about defendant Mike Neumyer's transfer of her to a different building. See Complaint, ¶40. Since Harris did not deem it necessary to pursue her other complaints that predated January 13, 1998, in her first charge, she cannot now pursue them in this action.

Additionally, the Third Circuit has reasoned, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, and this may include "new acts which occurred during the pendency of proceedings before the Commission." Id., at 398-99.

However, Harris subsequent complaints about her new job assignment, her new supervisor and her termination, see Complaint, ¶¶41-51, are completely

4

unrelated to the subject of her first charge — her transfer by defendant Neumyer's transfer to a different building.  Since these additional complaints cannot "reasonably be expected to grow out of the [first] charge of discrimination," Harris cannot rely on the filing of the January 13, 1998, charge with the PHRC to circumvent her statute of limitations problem.

Therefore, since Harris filed her charge with the EEOC more than 300 days after her termination, all Title VII and PHRA claims except those that relate to defendant Mike Neumyer's November 3, 1997, transfer of Harris to a different building are barred by the statute of limitations.

## C.  Title VII and PHRA Claims Related to Harris' Transfer by Defendant Mike Neumyer.

Any Title VII of PHRA claim Harris seeks to bring related to defendant Mike Neumyer's November 3,1997, transfer of her to a different building are not barred by the statute of limitations.  They are, however, barred because Harris failed to complete the requisite administrative process.  Although her complaint alleges that she filed a charge regarding the transfer with the PHRA and that this charge was cross-filed with the EEOC, Complaint, ¶40, there is no indication that Harris ever received a right-to-sue letter from wither agency.  As such, Harris has failed to satisfy the jurisdictional prerequisites to bringing this suit and cannot

pursue these claims here.

**D. The <u>Edelman</u> Decision.**

In <u>Edelman</u>, the Supreme Court held that an otherwise timely filed charge of employment discrimination is timely even if verified after the filing deadline. This decision has no bearing on the Court's decision on defendants' motion to dismiss the complaint because Harris failed to timely file her charge.

In her brief in opposition to defendants' motion to dismiss, Harris attempts to introduce new, unverified facts in an attempt to fend off defendants' motion to dismiss. However, "[i]t is well-settled that in deciding a motion to dismiss, courts generally may consider only allegations contained in the complaint, exhibits attached thereto, and matters of public record." <u>Beverly Enterprises, Inc. v. Trump</u>, 182 F.3d 183, 190 n. 3 (3d Cir. 1999), *citing* <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, "a court may consider an undisputedly authentic document that the defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* If the Court considers evidence submitted by defendants in support of a motion to dismiss, the Court must then convert the motion to one for summary judgment. Fed. R. Civ. P. 12(b). However, that is not the case here.

Here, it is the plaintiff, who was represented by counsel at the time the brief

6

was filed, that is attempting to introduce evidence outside of the pleadings.

"Although the pleadings of pro se litigants are 'evaluated under less stringent standards than are the formal pleadings of lawyers,'" Flanagan v. Shively, 783 F.Supp. 922, 937 (M.D.Pa. 1992), *quoting* Thomas v. Taylor, 138 F.R.D. 614, 617 (S.D.Ga. 1991), even "a pro se plaintiff filing a complaint must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure." Smith v. Social Security Admin., 54 F.Supp.2d 451, 454 (E.D.Pa. 1999), *citing* McNeil v. United States, 508 U.S. 106 113 (1993). Clearly, at least the same is required of a plaintiff represented by counsel.

Because the allegations in Harris' complaint demonstrate that she failed to timely file her charge with the EEOC or the PHRC, the Edelman decision is of no moment.

7

For the foregoing reasons, as well as those detailed in defendants' original and reply briefs, the Court should dismiss the complaint in this action as to all of the defendants.

<div style="margin-left:40%;">

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By:  *Lisa W. Basial*

**LISA W. BASIAL**
**Deputy Attorney General**
**I.D. #71554**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**COUNSEL FOR DEFENDANTS**

</div>

**Office of Attorney General**
**15ᵗʰ Fl., Strawberry Square**
**Litigation Section**
**Harrisburg, PA  17120**
**(717) 787-7157**

**Dated:  June 28, 2002**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANNA LYNN HARRIS,** : | |
| **Plaintiff** : | |
| : | **No.  1:CV-01-0270** |
| **v.** : | **(Judge Kane)** |
| : | |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION AND PAROLE,** : | |
| **et al.,** : | |
| **Defendants :** | |

## <u>CERTIFICATE OF SERVICE</u>

I, **LISA W. BASIAL**, Deputy Attorney General for the Commonwealth of

Pennsylvania, hereby certify that on **June 28, 2002**, I served a true and correct

copy of the foregoing **Supplemental Brief in Support of Defendants' Motion to**

**Dismiss the Complaint** by causing it to be deposited in the United States Mail,

first-class postage prepaid to the following:

> **Dianna Lynn Harris**
> **2329 Penn Street**
> **Harrisburg, PA  17110**

**LISA W. BASIAL**
**Deputy Attorney General**