IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANNA LYNN HARRIS,** | : | **CIVIL NO. CV-01-0270** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al.,** | : | |
| **Defendant** | : | |

### **O R D E R**

AND NOW, this 3rd day of April, 2003, in accordance with the accompanying Memorandum of Law, it is hereby ORDERED that defendants' motion to dismiss (Doc. 14) is GRANTED in part and DENIED in part, as follows:

1. Defendants' motion to dismiss plaintiff's ADA claims is DENIED.

2. Defendants' motion to dismiss plaintiff's ADEA claims is DENIED.

3. Defendants' motion to dismiss plaintiff's Title VII claims is GRANTED, in part, and DENIED, in part.

    (A) Plaintiff's Title VII gender discrimination claim in Count II of the complaint is hereby dismissed without prejudice as to defendant PBPP. Plaintiff shall have leave of court to amend the complaint consistent with the court's opinion. As to the individual defendants, this claim is dismissed with prejudice.

    (B) Plaintiff's Title VII disability retaliation claim in Count IV of the complaint is hereby dismissed with prejudice as to all defendants.

4. Defendants' motion to dismiss plaintiff's Pennsylvania Human Relations Act ("PHRA") claims is GRANTED, in part, and DENIED in part.

    (A) Plaintiff's PHRA claim contained in Count II of the complaint is hereby dismissed without prejudice. Plaintiff's shall have leave to amend this claim consistent with the court's opinion.

    (B) Plaintiff's PHRA claim contained in Count IV is dismissed without prejudice as to defendant Fielder. Plaintiff shall have leave to amend this claim consistent with the court's opinion. As to all other defendants, this motion is denied.

5. Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 are deemed WITHDRAWN. Defendants' motions to dismiss plaintiff's § 1983 and § 1985 claims are DISMISSED as moot.

6. Defendants' motion to dismiss plaintiff's Pennsylvania Right-to-Know claims is GRANTED. Plaintiff's Right-to-Know claims are hereby dismissed with prejudice.

7. Plaintiff's claim for Intentional Infliction of Emotional Distress is deemed WITHDRAWN. Defendants' motion to dismiss plaintiff's intentional infliction of emotional distress claim is DISMISSED as moot.

      S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge