**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANNA L. HARRIS, | : | |
| Plaintiff | : | |
| | : | No. 1:CV-01-0270 |
| v. | : | |
| | : | (Judge Kane) |
| PENNSYLVANIA BOARD OF | : | (Electronically Filed) |
| PROBATION AND PAROLE, et al., | : | |
| Defendants | : | |

**<u>ANSWER</u>**

1.    ADMITTED.

2.    ADMITTED.

3.    ADMITTED in part, DENIED in part.  It is ADMITTED that

defendant William Ward is an adult individual who is a citizen and resident with

the Commonwealth of Pennsylvania and at all pertinent times hereto defendant

Ward was the Chairman of the Pennsylvania Board of Probation and Parole. It is DENIED that defendant Ward is still employed by the Pennsylvania Board of Probation and Parole.

4-8.    ADMITTED.

9.    ADMITTED in part, DENIED in part. It is ADMITTED that defendant Linwood Fielder is an adult individual who is a citizen and resident of the Commonwealth of Pennsylvania and that at all pertinent times hereto defendant Fielder was the District Director of the Parole Board's Harrisburg District Office. It is DENIED that defendant Fielder is still employed by the Pennsylvania Board of Probation and Parole.

10.    This paragraph contains conclusions of law to which no response is required. To the extent they are deemed factual, they are DENIED.

11.    ADMITTED.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, therefore, they are DENIED.

13.    ADMITTED.

14.    ADMITTED in part, DENIED in part.  It is ADMITTED that prior to January, 1997, smoking of tobacco products was permitted in employees' individual offices and in designates smoking areas in the Central Office Building. It is DENIED that this violated state or federal law or violated the Commonwealth of Pennsylvania's rules, regulations and management directives pertaining to state agencies.

15.    ADMITTED in part, DENIED in part.  It is ADMITTED that plaintiff's work station was located on the second floor of the Central Office Building and was in close proximity to the designated smoking area on that floor. It is DENIED that plaintiff was required to perform work in areas where other employees congregated to smoke.

16.    ADMITTED in part, DENIED in part.  It is ADMITTED that plaintiff complained numerous times to defendant Payton that the smoke in the workplace was making her sick.  It is DENIED that defendant Payton took no action to alleviate the problem or to accommodate plaintiff's medical condition.  By way of further response, defendant Payton offered to move plaintiff's office to the first floor, but she refused.  By way of further response, defendant Payton got an air filter for plaintiff's desk as well.  Additionally, the designated smoking room was ultimately moved to the first floor.

17.    ADMITTED in part, DENIED in part.  It is ADMITTED that plaintiff missed a significant amount of work due to her illnesses.  It is DENIED that plaintiff suffered numerous adverse health affects as a result of her daily exposure to the tobacco smoke in the Central Office Building.

18.    ADMITTED.

19.    ADMITTED in part, DENIED in part.  It is ADMITTED that in or about August, 1996, plaintiff gave defendant Payton a note from her physician informing him that she suffered from allergic rhinitis due to exposure from tobacco smoke at work, that the doctor's not recommended that the plaintiff be placed in an area where there was no tobacco smoke and where she would not be near any tobacco smoke, and that the note recommended that an overhead air filter system be placed in the office to remove the tobacco smoke.  It is DENIED that defendant Payton failed to take any action in response to the doctor's note and plaintiff's request.  By way of further response, defendant Payton offered to move plaintiff's office to the first floor, but she refused.  By way of further response, defendant Payton got an air filter for plaintiff's desk as well.  Additionally, the designated smoking room was ultimately moved to the first floor.

20.    ADMITTED in part, DENIED in part.  It is ADMITTED that in August, 1996, plaintiff met with defendant Ingram and that defendant Ingram is a

smoker.  It is DENIED that the purpose of this meeting was to request a reasonable

accommodation pursuant to the Americans With Disabilities Act to eliminate and

or significantly curtail Harris' exposure to tobacco smoke in the workplace.  It is

further DENIED that defendant Ingram harassed plaintiff, belittled her complaints,

or dissuaded her from filing for an accommodation.  By way of further response,

during this meeting, Harris said something about allergies, but nothing about

smoke and on September 11, 1996, defendant Ingram wrote a memo to Harris and

gave her the ADA form.

21.    ADMITTED in part, DENIED in part.  It is ADMITTED that in

August, 1996, plaintiff sent defendant Payton a memo regarding smoking.  It is

DENIED that plaintiff did not receive a response from defendant Payton.  By way

of further response, the designated smoking area was moved and defendant Payton

offered to move plaintiff's office to the first floor, but she refused to go.

22.    ADMITTED in part, DENIED in part.  It is ADMITTED that in

September, 1996, plaintiff sent defendant Yerger a memo regarding smoking.  It is

DENIED that plaintiff did not receive a response from defendant Yerger.  By way

of further response, on September 20, 1996, defendant Yerger sent a memo to

defendant Payton regarding moving this designated smoking area to a different

place, getting a smoke eater for plaintiff for her desk and smoke eaters for people

who smoked in their private offices.  Additionally, the designated smoking area was ultimately moved to the first floor shower room and an exhaust fan was installed.  By way of further response, within one year of moving to the new Central Office location, people were no longer permitted to smoke in private offices.

23.    ADMITTED in part, DENIED in part.  It is ADMITTED that in September, 1996, defendant Payton gave plaintiff an unsatisfactory attendance rating on her employment performance evaluation, specifically noting on the evaluation that plaintiff missed too much time from work.  It is DENIED that these absences from work were due to legitimate health problems largely stemming from illnesses brought on by constant exposure to tobacco smoke at work.

24.    ADMITTED.

25.    ADMITTED in part, DENIED in part.  It is ADMITTED that plaintiff attempted to bring her concerns about the evaluation to the next person in the chain of command, defendant Neumyer, and that defendants Payton and Yerger scheduled a meeting with plaintiff and that on the day of the meeting plaintiff's union representative was not permitted to attend the meeting.  It is DENIED that defendants Payton and Yerger blocked plaintiff's efforts to see defendant Neumyer and that plaintiff had a right under the terms of the collective bargaining agreement

to have a union representative present at the meeting with defendants Yerger and

Payton.  By way of further response, defendant Neumyer indicated that he was not

going to meet with plaintiff and plaintiff did not have a right to have a union

representative present at the meeting with defendants Yerger and Payton because

no discipline was contemplated.

26.    ADMITTED in part, DENIED in part.  It is ADMITTED that in

October, 1996, plaintiff was provided with an electric air filter to place on her

desk, that plaintiff continued to complain to defendants that the air filter was not

eliminating the smoke from her work area, and that plaintiff requested that the

defendants make the whole building smoke free.  It is DENIED that plaintiff

requested that the smoking area be moved away from her worksite or that the

defendants place an exhaust fan in the smoking area to pull the smoke outside the

building.  It is further DENIED that defendant Payton responded that further

accommodations were not necessary because the building was leased and not

owned by the Commonwealth.

27.    ADMITTED in part, DENIED in part.  It is ADMITTED that in

January, 1997, defendant Parole Board instituted a new smoking policy moving the

designated smoking area for the common areas of the building to the first floor,

that individuals with private offices were still allowed to smoke in their private

offices and that tobacco smoke from the first floor's designated smoking area and private offices on the second floor continued to come into plaintiff's work area.  It is further ADMITTED that as part of plaintiff's work duties she was required to go to the first floor several times a day and that plaintiff continued to be exposed to tobacco smoke.  It is DENIED that the new smoking policy was not enforced by the defendants and that the environment was smoke-filled.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, therefore, they are DENIED.

29.    ADMITTED in part, DENIED in part.  It is ADMITTED that in February, 1997, plaintiff applied for a transfer to a position located in a smoke-free environment at a Central Office Building and that two of the three Central Office Buildings were smoke-free.  It is DENIED that defendants denied this request without legitimate justification.  By way of further response, plaintiff was transferred to the Harrisburg District Office.

30.    ADMITTED in part, DENIED in part.  It is ADMITTED that in May, 1997, defendant Yerger required plaintiff to perform a work assignment in a warehouse, that plaintiff informed defendant Yerger that she believed working in the warehouse would worsen her medical condition, that defendant Yerger gave

plaintiff a respiratory mask to use while working in the warehouse, that plaintiff followed defendant Yerger's orders and went to the warehouse as directed and that plaintiff stayed only a short period of time.  It is DENIED that defendant Yerger knew about plaintiff's respiratory illness.  Defendants are without knowledge or information sufficient to form a belief as to whether another employee volunteered to go in plaintiff's place, whether plaintiff's hands began to swell up, whether a rash developed on her neck and whether she began coughing up blood, therefore, these averments are DENIED.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, therefore, they are DENIED.

32.    ADMITTED.

33.    ADMITTED in part, DENIED in part.  It is ADMITTED that in November, 1997, plaintiff was transferred to the Parole Board's Harrisburg District Office located at 1303 North Seventh Street in Harrisburg, Pennsylvania where she reported to defendant Linwood Fielder as her new supervisor.  It is DENIED that this transfer was involuntary or as a direct result of the letter to Governor Ridge.  By way of further response, plaintiff hadn't requested a transfer.

34.    DENIED.  It is DENIED that the Harrisburg District Office Building at 1303 North Seventh Street was an undesirable work location for plaintiff because the building was known to have a significant air quality problem.

35.    ADMITTED in part, DENIED in part.  It is ADMITTED that several employees had complained about the air quality at the Harrisburg District Office prior to plaintiff's transfer there.  It is DENIED that the defendants knew about the building's poor air quality and that defendants transferred plaintiff to a building that was reasonably expected to further adversely affect her health.  By way of further response, on two occasions the air quality in the building was tested, once prior to plaintiff's transfer and once after plaintiff's transfer, and the air quality was fine.

36.    DENIED.  It is DENIED that the transfer to the Harrisburg District Office was made in retaliation for plaintiff having complained about defendants failure to maintain Central Office Building as a smoke-free facility.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, therefore, they are DENIED.

38-39.    These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

40.    ADMITTED.

41.    ADMITTED.  By way of further response, on two occasions prior to April, 1998, the air quality at the Harrisburg District Office Building was tested and determined to be satisfactory.

42.    DENIED.  It is DENIED that despite several requests defendant Fielder took no action in response to the employees' requests.  By way of further response, on two occasions prior to 1998 the air quality in the Harrisburg District Office Building was tested and determined to be fine.  Additionally, defendant Fielder forwarded the April, 1998 memo to defendant Payton and told defendant Payton that the employees were not satisfied and still had concerns and wanted more extensive air quality testing.

43.    ADMITTED in part, DENIED in part.  It is ADMITTED that in May, 1998, plaintiff asked defendant Fielder to provider her with an air cleaning device for her work station.  It is DENIED that this request was denied for no legitimate reason.  By way of further response, defendants believed that device was provided to plaintiff.

44.    ADMITTED in part, DENIED in part.  It is ADMITTED that in July, 1998, a report was issued by the Pennsylvania Department of Health regarding the air quality at the Harrisburg District Office Building, that plaintiff requested a copy

of their report on numerous occasions and that defendants did not provide a copy of the report to plaintiff.  It is DENIED that defendants failed to inform her of the test results until approximately a year after her request.  By way of further response, defendant Fielder announced at a staff meeting the results of the testing to set everyone's mind at ease.

45.    ADMITTED in part, DENIED in part.  It is ADMITTED that in August, 1998, plaintiff request that she be placed on leave without pay and that plaintiff was frequently missing time from work due to illness and doctors visits.  It is DENIED that plaintiff was continually getting sick from the air quality problems at the Harrisburg District Office Building.

46.    ADMITTED.

47.    DENIED as stated.  It is ADMITTED that in October, 1998, plaintiff requested a transfer to her preferred work location, the new Central Office Building located at 1101 South Front Street and that plaintiff provided a note from her physician stating that she could return to work and perform all required essential job functions but not at the Harrisburg District Office Building.

48.    ADMITTED in part, DENIED in part.  It is ADMITTED that defendant Scicchitano sent plaintiff a letter directing her to return to work at the Harrisburg District Office Building or risk termination and that plaintiff was not

provided with a copy of the Department of Health report on the air quality at the Harrisburg District Office Building.  It is DENIED that plaintiff's request for a transfer was denied without legitimate justification.  By way of further response, all of the air quality issues at the Harrisburg District Office Building had been resolved.

49.    ADMITTED.

50.    ADMITTED in part, DENIED in part.  It is ADMITTED that defendants scheduled a pre-disciplinary conference to take place on November 24, 1998, at the Harrisburg District Office Building to address plaintiff's failure to return to work at that location, that plaintiff did not attend the pre-disciplinary conference, that plaintiff requested to meet with defendant Ward to discuss her returning to work and that defendant Ward did not meet with plaintiff.  It is DENIED that the Harrisburg District Office Building made plaintiff ill.

51-53.    ADMITTED.

54.    Defendants hereby incorporate by reference their responses to paragraphs 1-53 as if fully set forth herein.

55-57.    These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

58.    DENIED.  It is DENIED that plaintiff timely exhausted all required administrative remedies and/or that such remedies would be futile.

59-63. These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

64.    Defendants hereby incorporate by reference their responses to paragraphs 1-63 as if fully set forth herein.

65.    This paragraph contains conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

66.    DENIED.  It is DENIED that plaintiff has timely exhausted all required administrative remedies and/or that such remedies would be futile.

67-71. These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

72.    Defendants hereby incorporate by reference their responses to paragraphs 1-71 as if fully set forth herein.

73.    This paragraph contains conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

74.     DENIED.  It is DENIED that plaintiff has timely exhausted all required administrative remedies and/or that such remedies would be futile.

75-79.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

80.     Defendants hereby incorporate by reference their responses to paragraphs 1-79 as if fully set forth herein.

81-82.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

83.     DENIED.  It is DENIED that plaintiff has timely exhausted all required administrative remedies and/or that such remedies would be futile.

84-88.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

89.     Defendants hereby incorporate by reference their responses to paragraphs 1-88 as if fully set forth herein.

90-93.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

94.    DENIED.  It is DENIED that plaintiff has timely exhausted all required administrative remedies and/or that such remedies would be futile.

95-99.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

100.   Defendants hereby incorporate by reference their responses to paragraphs 1-99 as if fully set forth herein.

101-108.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

109.   Defendants hereby incorporate by reference their responses to paragraphs 1-108 as if fully set forth herein.

110-114.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

115.   Defendants hereby incorporate by reference their responses to paragraphs 1-114 as if fully set forth herein.

116-120.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

121.  Defendants hereby incorporate by reference their responses to paragraphs 1-120 as if fully set forth herein.

122-128.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

129.  Defendants hereby incorporate by reference their responses to paragraphs 1-128 as if fully set forth herein.

130-135.  These paragraphs contain conclusions of law to which no response is required.  To the extent they are deemed factual, they are DENIED.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The defendants are immune from liability by virtue of qualified, official, governmental, or any other immunity.

## FOURTH DEFENSE

The claims against the defendants are barred by the Eleventh Amendment to the Constitution of the United States.

## FIFTH DEFENSE

Some or all of plaintiff's claims are barred by the statute of limitations.

## SIXTH DEFENSE

The accommodation allegedly required by plaintiff would impose an undue hardship on defendants.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

By:   **s/Lisa W. Basial**
**LISA W. BASIAL**
**Deputy Attorney General**
**Attorney ID #71554**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**   **Counsel for Defendants**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**(717) 787-7157**

**Date:  February 17, 2004**

DIANNA L. HARRIS,                    :
                        Plaintiff  :
                                            :   No. 1:CV-01-0270
            v.                            :
                                            :   (Judge Kane)
PENNSYLVANIA BOARD OF    :   (Electronically Filed)
PROBATION AND PAROLE, et al.,  :
                        Defendants  :


## <u>CERTIFICATE OF SERVICE</u>

I, Lisa W. Basial, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on February 17,

2004, I caused to be served a true and correct copy of the foregoing document

titled Answer to Complaint by depositing same in the United States Mail, first-

class postage prepaid to the following:

Dianna L. Harris
2329 Penn Street
Harrisburg, PA  17110


                                            **s/Lisa W. Basial**
                                            **LISA W. BASIAL**
                                            **Deputy Attorney General**