**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIANNA LYNN HARRIS,** | : | **CIVIL NO. 1:CV-01-0270** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** et al., | : | |
| Defendant | : | |

## ORDER

AND NOW, this 16th day of March, 2004, upon consideration of defendant's motion to dismiss (Doc. 50) pursuant to Federal Rule of Civil Procedure 41(b) and of the previous order of court directing plaintiff to show cause why the court should not dismiss the above-captioned action for failure to prosecute (Doc. 52), see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it appearing that plaintiff, acting *pro se* in this action, failed to attend the scheduled February 18, 2004 pre-trial status conference (see Docs. 47, 49) and has subsequently failed to respond to the order to show cause (Doc. 52) dated March 2, 2004, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has

prejudiced defendant by requiring defendant to assume the cost of continued preparation for trial, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to attend the February 18, 2004, pre-trial status conference (see Docs. 47, 49) or to respond to the March 2, 2004, order to show cause why the complaint should not be dismissed (see Doc. 52) constitutes a history of dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to appear in court or to respond to orders of court demonstrates willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that alternative sanctions would be ineffective to deter plaintiff's conduct, see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that plaintiff's failure to prosecute renders it impossible to determine whether plaintiff's claims have *prima facie* merit, see id. at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor), it is hereby ORDERED that defendant's motion to dismiss (Doc. 50) for failure to prosecute is GRANTED and this case is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to close this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge